ARTHUR MONROE v. THE STATE.

No. 2359.   Decided March 26, 1913.

Rehearing denied April 25, 1913.

**1.—Occupation—Selling Intoxicating Liquors—Local Option—Indictment —Election.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the indictment followed approved precedent, the same was sufficient and it was not necessary to allege that the election was valid and legal.

**2.—Same—Election—Contest—Presumption.**

Where no contest of election is filed under Act of Thirtieth Legislature, Chapter 8, p. 447, the presumption is that said local option election was a valid one.

**3.—Same—Suspended Sentence—Repeal—Amelioration.**

The suspended sentence law, passed by the Thirty-third Legislature, repeals no law of this State declaring what are penal offenses, and had no application to a prosecution then pending for pursuing the occupation of selling intoxicating liquors in local option territory, nor did it ameliorate the penalty in such prosecutions.

**4.—Same—Suspended Sentence Act—Prerequisites Necessary.**

The suspended sentence Act can only be invoked on condition that the person on trial, before the trial begins and the verdict of the jury is rendered, shall request in writing that his reputation be made an issue in the trial, before he may receive any benefits from the ameliorating statutes, and was not intended to apply to trials had or pending before the passage of the law. Following Walker v. State, 7 Texas Crim. App., 245.

**5.—Same—Judgment and Sentence—Definition of Offense.**

Upon conviction for pursuing the occupation of selling intoxicating liquors in local option territory, the judgment and sentence of the court need not define the offense as specifically and definitely as the indictment or bail bond, and need only refer in general terms to the offense charged in the indictment, as all of the pleadings, charge of court, the verdict, etc., are a part of the record in the case.

Appeal from the District Court of Williamson. Tried below before the Hon. Charles A. Wilcox.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*A. S. Fisher* and *Nunn & Love,* for appellant.—On question of insufficiency of the indictment, and failure to allege date of sales, etc.; Fitch v. State, 58 Texas Crim. Rep., 366, 127 S. W. Rep., 1040; Mizell v. State, 59 Texas Crim. Rep., 226, 128 S. W. Rep., 125; Coleman v. State, 62 S. W. Rep., 753; Barnes v. State, 59 S. W. Rep., 882; Slack v. State, 61 Texas Crim. Rep., 372, 136 S. W. Rep., 1073.

On question of Act suspending sentence ameliorating penalty: McInturf v. State, 20 Texas Crim. App., 335; Murray v. State, 1 id., 417; Hall v. State, 52 Texas Crim. Rep., 195; U. S. v. Tynen, 11 Wallace, 88; Com. v. Kimball, 21 Pick. (Mass.), 373; Keller v. State, 12 Md., 322.

On question of description of offense in sentence: Stephens v. State, 50 Texas Crim. Rep., 531, 98 S. W. Rep., 859; Parish v. State, 47 Texas Crim. Rep., 148, 82 S. W. Rep., 517; Lindsey v. State, 59 Texas Crim. Rep., 273, 128 S. W. Rep., 386; Duffer v. State, 38 S. W. Rep., 997; Woods v. State, 51 Texas Crim. Rep., 595, 103 S. W. Rep., 895.

*C. E. Lane,* Assistant Attorney-General, for the State.—The indictment alleges that appellant did unlawfully make certain sales to Son Allen, Bud Bailey, Will Bailey, and Arthur Stevenson, etc., prior to September 12, 1909, and subsequent to the filing of the indictment, September 12, 1912, *and in pursuance* of said business and occupation (of selling intoxicating liquors) (and the indictment alleges that appellant pursued said occupation and business on or about February 1, 1912). Hence, this indictment in substance alleged that appellant made the sales to Son Allen, Bud Bailey, Will Bailey and Arthur Stevenson on or about February 1, 1912, and the indictment in this case went further than the law requires and alleged four separate sales. Cases cited.

HARPER, Judge.—Appellant was prosecuted and convicted of the offense of pursuing the business and occupation of selling intoxicating liquors in prohibition territory. There are no statements of facts nor bills of exception accompanying the record; so the only question presented that we can review is the motion to quash the indictment.

The first ground in the motion is that the indictment fails to allege that "a valid and legal election" was held. The indictment follows the usual and customary form approved by this court in this respect, that an election was held to determine whether or not the sale of intoxicating liquors should be prohibited and at said election it was determined the sale should be prohibited, and the court declared the result of said

election, entered an order to that effect, which order was duly published, and it was not necessary to state that the election so held was "a valid and legal one." Acts of Thirtieth Legislature, chapter 8, page 447, which provides within what time said election may be contested, and if no contest is filed it shall be conclusively presumed that said election was a valid one.

The other grounds are equally without merit, the indictment being drawn in terms frequently approved by this court.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied April 25, 1913.—Reporter.]

ON REHEARING.

May 28, 1913.

HARPER, JUDGE.—On a former day of this term this case was affirmed and motion for rehearing overruled, but appellant came and represented he desired to present a new proposition of law which would not only materially affect this case, but all cases pending in this court where the punishment assessed is less than five years in the penitentiary. We ordered the mandate withdrawn, and permitted the filing of the amended motion. It reads:

"First. That the appellant was tried and convicted at the February term of the District Court of Williamson County, Texas, A. D. 1912, and that he appealed his cause to this court, and while his appeal was pending in this court the Legislature of the State of Texas passed, and the Governor approved the Act known as the suspension sentence law; and that by reason of the passage of said law, the appellant's case should be reversed for the following reasons:

, (a) That the said law ameliorated and modified the penalty heretofore existing for the offense for which appellant stood charged.

(b) That by substitution, the said law repealed the penalty for the offense for which the appellant stood charged.

(c) That the said law altered and changed the theretofore existing law in such a manner as to substantially affect the appellant's rights.

(d) That, as shown by the affidavit of appellant attached hereto and made a part hereof, the appellant elects to avail himself of the benefits of the said suspension sentence law.

(e) That the record of this cause shows, affirmatively, that no sentence has been legally pronounced against him for the violation of any law."

An able and exhaustive brief has been filed on propositions a, b, c and d, and many authorities quoted and cited, but we are of the opinion that none of them sustain his contention. A number of them are cases holding that even though a person has been convicted and the case pending on appeal, if the Legislature should repeal the law making such an act an offense it would be the duty of this court to reverse and

dismiss the cause. The suspended sentence law repeals no law of this State declaring what are penal offenses, consequently those cases have no application to the question here presented

Appellant contends that the suspended sentence Act ameliorates the penalty of certain offenses by providing that under given conditions a defendant shall be permitted to go at large on his own recognizance, even though he has been adjudged guilty, and this contention may, in a measure, be said to be true, but it is only on given conditions that such ameliorated penalty, if it shall be so termed, operates and becomes effective in any given case. While not passing on the constitutionality of the suspended sentence Act, as it is not necessary to a disposition of this case, and not raised by appellant in his motion, yet we are of the opinion that if it is sustained, that it will be upon the ground that it will be read into every penal law, as a part thereof (except those exempted by express terms), when the facts authorize it, just as the law of principals, accomplices and accessories is read into and made a part of each statute when the facts justify the court in so doing, and as applicable to this case it may be said the penal clause of the pro- hibition law should and will hereafter read as follows: "If any person shall engage in or pursue the occupation or business of selling intoxi- cating liquors, except as permitted by law, in any precinct in which the sale of intoxicating liquors has been prohibited, he shall be punished by confinement in the penitentiary for not less than two nor more than five years; provided, that if the person on trial shall request in writing that his general reputation be inquired into, and the proof shall show and the jury shall find that he has never before been convicted of a felony in this State or any other State, and the jury in their verdict shall recommend that the sentence be suspended, the court shall sus- pend the sentence," under conditions named in the Act. We do not think under the provisions of this Act the court has any authority or power to suspend sentencing the defendant unless the jury shall so recommend in their verdict, and the court has no power to refuse to do so, if the jury in their verdict so recommends, only that he may set aside the entire verdict and grant a new trial if in the exercise of his discretion he deems the ends of justice demands such action on his part.

If this be a correct construction of the law, then it is only on con- dition that the person on trial *before the trial begins and verdict of the jury is rendered,* shall request in writing that his reputation be made an issue in the trial before he may receive any benefit from the amel- iorating statute. Many persons who do not bear a good reputation would hesitate to make the request for fear that evidence of such repu- tation would enhance the punishment to be assessed, while those whose reputation has been above reproach, except in the instance for which he is then on trial, will gladly avail themselves of this provision, and this is the class of individuals for whom the law was framed and passed, in the hopes that they may be stayed from their erring course and good citizens made of them. The fact that a person makes such request will,

in a measure, be taken by the jury as a confession of guilt, and yet the law requires, that this be done before any person shall receive or be entitled to the benefits of the law, and even though a person be now placed on trial, after this law has become effective, and he neglects, fails or refuses to file this request in writing until after the trial begins and verdict is rendered, he is not entitled to and can not receive the benefits of this law. The intent and purpose of the law is made plain, and the terms upon which one can receive the benefits if it is manifest, and it was never intended to have any effect on trials had before the passage of the law any more than it was intended that a person tried after its passage could receive the benefits of the law after verdict rendered, by then making application. If there is one provision of the law made so plain that none can misunderstand it, it is that the only way for one to avail himself of its provisions is to make an application in writing before the trial begins and verdict is returned, and put in issue his reputation as a peaceable, law-abiding citizen, and then will he receive the benefit of it only on condition that the evidence shows that he has never before been convicted of a felony, and the jury trying him shall find that fact and find that his reputation as a citizen is such that they in their judgment think the best interests of society and the State and the interest of the individual on trial will best be subserved by inflicting no punishment unless the person on trial shall commit another breach of the law, and they so recommend in their verdict.

It is true this law was not in force when appellant was tried, and others are now granted a privilege not granted to him, but it may be said there are hundreds of persons whose cases were and are pending on appeal, some of whom are now in the penitentiary, who were also denied this privilege. If the Legislature had intended that a person could take advantage of this statute at any time before *final disposition of the case,* they would have so written the law, but instead of doing so they wrote into it the provision that this request in writing must be made before the trial begins and before the jury had returned its verdict, and under its terms the application of appellant made in this court comes too late and can avail him nothing. A similar question was so thoroughly discussed in Walker v. State, 7 Texas Crim. App., 245, by then Presiding Judge White, and the rule governing this character of case so clearly announced, it would be but superfluous for us to review the authorities, and we deem it only necessary to state that we adhere to the rule announced in that case, and think its sound reasoning and logic will convince any legal mind of its correctness, and that this law does not apply to cases tried before its enactment.

The other contention of appellant, that the judgment and sentence must define the offense with the same specificness and definiteness as the indictment or bail bond, is not sound. The indictment in specific terms defined the offense; the court in his charge correctly submitted this offense, and the jury in their verdict find: "We, the jury, find the defendant guilty as charged in the indictment, and assess his punish-

ment at three years in the penitentiary," being signed by the foreman. That the judgment and sentence on this verdict only referred to the offense in general terms and did not specifically define it with that definiteness required in an indictment, furnishes no ground for reversal of the case. Under such circumstances, if it was too vague and indefinite, we would be authorized to reform and correct the judgment and sentence under article 938 of the Penal Code, the indictment, charge of the court and verdict all being a part of the record in this case. But as the judgment and sentence, while not specifically defining the offense as specifically as is required in an indictment or bail bond, yet defines the offense in general terms sufficiently, no error is presented.

The motion for rehearing is overruled.

*Overruled.*