W. H. POTTER v. THE STATE.

No. 2615. Decided June 27, 1913.

Rehearing denied October 15, 1913.

Occupation—Intoxicating Liquors—Local Option—Suspended Sentence.

The trial court is not authorized to suspend the sentence except when the jury so find and recommend. Following Roberts v. State, 70 Texas Crim. Rep., 297, recently decided.

Appeal from the District Court of Collin. Tried below before the Hon. G. R. Smith, Special Judge.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquor in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

Vol. 71 Crim.-14.

*W. H. Potter,* in person, for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This record is before us without a statement of facts or bill of exceptions. The question involved in the suspended sentence law was submitted to the jury. They failed or refused to recommend suspension of the sentence. It is claimed that the court should have, despite the failure of the jury to so find, exercised the power of suspending the sentence. Under the authority of Roberts v. State, 70 Texas Crim. Rep., 297, decided at the present term of court, there was no error in this proceeding. The court is not authorized to suspend the sentence, except when the jury so find and recommend.

This judgment is, therefore, affirmed.

*Affirmed.*

[Rehearing denied October 15, 1913.—Reporter.]