### W. T. KING v. THE STATE.

#### No. 2897. Decided January 14, 1914.

**1.—Assault to Murder—Statement of Facts.**

Where the purported statement of facts is entirely made up by questions and answers and is not approved either by counsel or the trial court, the same can not be considered on appeal.

**2.—Same—Suspension of Sentence.**

It is necessary, where the plea of suspension of sentence is interposed, that the jury, in their verdict, recommend such suspension, otherwise the court can not do so. Following Roberts v. State, 158 S. W. Rep., 1003, and other cases. Distinguishing Snodgrass v. State, recently decided.

**3.—Same—Suspension of Sentence—Distinction Recognized.**

There is a broad distinction recognized by law and the decisions between the suspension of sentence, and that which suspends a judgment or its execution, or which intervenes and prevents the passing of sentence.

**4.—Same—Statement of Facts.**

In the absence of a statement of facts, other questions presented can not be revised on appeal.

Appeal from the District Court of Howard. Tried below before the Hon. W. W. Beall.

Appeal from a conviction of assault with intent to murder; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of assault to murder, his punishment being assessed at three years confinement in the penitentiary.

There is what purports to be a statement of facts accompanying the transcript; it is certified by the official stenographer of the District Court to be correct. It seems in its entirety to be made up by questions and answers; and further, it may be noted that the statement of facts is not approved either by counsel or by the trial court. Being in this condition, this court can not consider it as a statement of facts.

Appellant moved the court to submit the question of his former good character, and the fact that he had not been previously convicted of a felony as a predicate for a recommendation of the suspension of the execution of the judgment against him. The court submitted it to the jury and they found previous good character, and that he had not been previously convicted of a felony, but failed to recommend in the verdict that the execution of the judgment be suspended. This ruling of the court appellant contends was error. In Roberts v. State, 70 Texas Crim. Rep., 618, 158 S. W. Rep., 1003, which was followed by Potter v. State, 71 Texas Crim. Rep., 209, 159 S. W. Rep., 846, this court held it was necessary for the jury to recommend the suspension of the execution of the judgment as a prerequisite to such suspension. We have seen no reason to change the conclusion reached in those cases. This is a legislative matter, and that body provided that the verdict should so specify. We think it was within the legislative power to make this provision, and that in reaching this conclusion we are not antagonistic to nor out of harmony with the opinions in the Snodgrass cases. The Act of the Thirty-third Legislature, page 8, is based upon an entirely different theory and proposition from the previous suspended sentence Act. There is a broad distinction recognized by the law and the decisions between the suspension of the sentence and that which suspends the judgment or its execution, or which intervenes and prevents the passing of the sentence. The first would interfere with the pardoning power; the other may not, inasmuch as the pardoning power does not attach or become operative until after the final judgment or sentence.

The other questions presented can not be revised in the absence of a statement of facts. As the record is presented to us the judgment will be affirmed.

*Affirmed.*