DAVIDSON, J.
Appellant was convicted of forgery, his punishment being assessed at two years confinement in the penitentiary.
The first bill of exceptions recites that defendant elected to avail himself of the benefit of the suspended sentence act of the 33d Legislature, and to this end filed a proper plea in writing, and that the jury found in his favor as to his previous reputation and the fact that he had not heretofore been convicted of a felony, but failed to recommend the suspension of the sentence. Under the. verdict of the jury, appellant was not entitled to a suspension of the judgment, as was determined in Roberts v. State, 158 S. W. 1003.
It is further alleged in the bill of exceptions that defendant would show to the court that at the date of the commission of the alleged offense he was under 16 years of age, and was less than 17 years of age when the indictment was found against him. This matter was not raised, as shown by the bill and the qualification of the judge, until after the conviction. This, in our judgment, came too late. He knew or ought to have known his age at the time he went to trial. Had he desired to take advantage of this matter, he could have done so as required by statute. The court qualifying the bill says that he did not believe the statement of appellant’s father, Mose Bowen, which is attached to the motion for a new trial, which shows that the Bible entry of appellant’s age shows him to have been born November 2S, 1895. This was the evidence set out in the motion for a new trial, and that the affiant had seen the entry made by another person; that he himself did not make the entry. If, as a matter of fact, appellant was under 17 years of age at the time of the commission of the offense, and that became an issue in the case, or he desired to make it an issue, or seek the benefit of it, he should have properly raised it. It comes too late after the trial, and in addition he filed his application under oath to obtain the benefit of the suspended sentence act of the 33d Legislature. We hold there is no merit in that question.
Another bill recites that, while the state’s witness Hight was testifying, he was asked the question whether or not the defendant presented for payment the alleged forged check at the window of the First National Bank of Mexia, Tex. Appellant objected, but does not state any ground of objection to the introduction of this evidence. This bill is not sufficient to present the matter for revision. There should have been some ground of objection stated or something brought to the attention of this court by which it could review this matter to ascertain whether or not it was in error.
Another bill recites that, while Murphy was testifying, he was, over objection of defendant, permitted to state that the defendant presented to the First National Bank of Mexia, Tex., the alleged forged cheek for payment. The bill recites that the court erred in overruling defendant’s objection and in permitting the witness David Murphy to so testify, but to this there is no ground of objection stated, and the court qualifies *1147 the bill by stating: “Refused because no objection was in fact made to Murphy’s statement, which was in writing, either when statement was being made or when the statement was read in course of the trial.” This bill, therefore, presents no error.
Another bill recites that, while Eight was testifying, he was by the state’s attorney asked the question: “Is the check now shown you (which was the alleged forged check) a check of the First National Bank of Mexia, Tex., and is it one of the checks furnished by said bank to its customers?” Appellant objected, which objection was overruled, and the witness was permitted to and did answer that the check shown him was a cheek issued by the First National Bank of Mexia, Tex., to its customers and furnished to its customers, and was a check of the First National Bank of mexia, Tex. The bill recites that the court erred in overruling his objection, and in permitting the witness to so testify, but states no ground or reason for his objection.
Another bill recites that the court erred in not giving his special requested instructions with reference to the law of circumstantial evidence. The bill recites further that the charge was presented prior to the reading by the court of its main charge. This bill is qualified as follows: “At the time this special charge was presented to me I rewrote thfe charge of the court, and gave paragraph No. 8 as representing this special charge. I then submitted same to counsel for defendant before it was read to the jury, and, as then understood, defendant’s counsel then agreed that said paragraph No. 8 properly presented the law of circumstantial evidence, and withdrew special charge No. 3. I respectfully submit that paragraph No. 8 correctly presents the law of circumstantial evidence as applied to this case, and I maintain that said special charge is upon the weight of the evidence.” This bill is accepted as qualified by the judge, and it would seem the charge given by the court is in correct form, and it may be a little doubtful as to whether the special charge requested by appellant is, but, be that as it may, the court’s qualification shows that he rewrote his charge in accordance with the requested instructions of appellant. The charge given by the court in this connection is the usual charge given, and such as we understand it has been approved by this court and the decisions generally as correctly presenting the law applicable to cases of circumstantial evidence.
Appellant presented a motion in arrest of judgment which was based upon the matters contained in the first bill of exceptions above noticed. It is unnecessary to review that matter.
Appellant in his motion for new trial contends that the verdict and judgment is contrary to the law in this, that the indictment is in law insufficient to support or form the basis for a conviction for forgery, of which defendant was convicted. This indictment sets out in full the check as follows:
“Mexia, Texas, - 191— No.
“The First National Bank
Pay to Dim Smith or bearer $15.25
fifteen dollars, 25/00 Cent-Dollars
“Charlie E. Garretson.”
It is contended that the indictment should have contained extrinsic averments to the effect that the First National Bank meant or was intended to mean the First National Bank of Mexia, Tex., or some other bank, and that there were no extrinsic averments or explanatory allegations which taken together with the other allegations would constitute said check, if true, such an instrument as would have created, increased, diminished, discharged, or defeated any pecuniary obligation, or would have transferred, or in any manner have affected any property whatever. He further contends that the verdict and judgment is contrary to the law in that the check alleged to have been forged and introduced in evidence, and upon which the conviction was had, is not subject of forgery, and cannot be made the basis of conviction of forgery under the definition of that offense as defined by our laws. We are of the opinion that the criticisms are not legally correct. It was not necessary, as we understand it, that it should have been alleged in the indictment what first national bank was meant, or that the First National Bank of Mexia was the bank intended to be set out in the alleged forged instrument. It would have been forgery, whatever bank may have been intended to be defrauded. If the instrument is such as could defraud by its operation, then it would be sufficient from that viewpoint to constitute the offense of forgery, and, whether it was intended to represent the First National Bank of Mexia, or first national bank anywhere, would be sufficient, and the evidence shows it was written upon one of the blank checks of the First National Bank of Mexia. We are cited to no authorities to sustain appellant’s contention, and are of the opinion that, while it might have been more specific to have placed this matter in the indictment, it does not render the indictment vicious.
The judgment is affirmed.