### J. P. WILLIAMSON v. STATE.

No. 2969.   Decided January 28, 1914.

**1.—Rape—Sufficiency of the Evidence.**

Where, upon trial of rape, the evidence was sufficient to sustain the conviction, there was no error.

**2.—Same—Jury and Jury Law—Suspension of Sentence.**

Where the defendant upon trial of rape had not filed his plea asking for a suspension of sentence before the trial began, and after four jurors had been accepted, filed such plea for the first time and sought to ask the jurors upon their voir dire whether they had any prejudice against the suspended sentence law, to which the court sustained an objection, there was no error. Following Roberts v. State, 70 Texas Crim. Rep., 588, and other cases.

**3.—Same—Evidence—Bills of Exception.**

In the absence of a bill of exceptions, complaints to the introduction and exclusion of testimony can not be considered on appeal; besides, there was no error.

**4.—Same—Indeterminate Sentence Law—Penalty.**

Where no valid indeterminate sentence law was in force at the time of the trial the court's charge requiring the jury to assess the penalty was correct, even if there had been such law.

**5.—Same—Evidence—Other Acts of Carnal Intercourse.**

Upon trial of rape there was no error in admitting other acts of carnal intercourse by appellant on a female under age, the court properly limiting the jury to the consideration of only one specific act. Following Battles v. State, 63 Texas Crim. Rep., 147.

**6.—Same—Argument of Counsel—Bill of Exceptions.**

In the absence of a bill of exceptions to the refusal of a requested charge as to argument of counsel, the same can not be considered on appeal.

Appeal from the Criminal District Court of Dallas. Tried before the Hon. W. L. Crawford.

Appeal from a conviction of rape; penalty, twenty-five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* ·Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of rape on a girl under fifteen years of age and his punishment assessed at twenty-five years in the penitentiary.

It would serve no useful purpose in this, or any other case to recite the evidence. It was amply sufficient to sustain the verdict, although appellant himself testified, positively denying any act of intercourse with the girl. This was all for the jury and the lower court and we can not disturb the verdict.

It is shown that after the trial began and four jurors had been accepted, being passed upon separately under a special venire, that appellant then for the first time filed his plea seeking to have his sentence suspended if convicted and the punishment assessed at less than five years. Thereupon, as each of the other eight jurors were examined on their voir dire he sought to ask them whether or not they had any prejudice against the suspended sentence law. This was objected to by the State, because he had not filed his application for a suspended sentence until after the trial began and four jurors had been selected. The court sustained the State's objection and would not permit him to ask the remaining eight jurors such questions. In this there was no error. The statute itself, Acts of 1913, p. 8, expressly requires that such plea shall be filed *before* the trial *begins,* and the uniform construction thereof by this court is in accordance with the statute. Roberts v. State, 70 Texas Crim. Rep., 588, 158 S. W. Rep., 1003; Potter v. State, 71 Texas Crim. Rep., 209, 159 S. W. Rep., 846. See also Monroe v. State, 70 Texas Crim. Rep., 245, 157 S. W. Rep., 155; Baker v. State, 70 Texas Crim. Rep., 618, 158 S. W. Rep., 998. Neither should the court, under the circumstances, have submitted the suspended sentence law to the jury, because no plea was filed in time.

There are in the motion for new trial several complaints to the in-

troduction and exclusion of testimony, but there is no bill raising either of these questions. They are not, therefore, presented in such a way that this court can review them. However, even if there had been bills the complaints show no error.

At the time of this trial there was no valid indeterminate sentence law in effect in this State. The Act of April 3, 1913, p. 262, has been declared void by this court. (Ex parte Marshall, 161 S. W. Rep., 112.) The Act of August 18, 1913, p. 4, did not go into effect until three days after this case was tried. Even if this latter Act had been in effect the court had to submit to the jury and have them assess the punishment. So that the court's charge requiring the jury to assess the penalty was correct.

The court did not err in admitting other acts of intercourse by appellant with the said girl, nor in refusing to charge the jury that they could not consider such evidence. After the evidence was in the court expressly limited the jury to the consideration of only one specific act on a certain date and limited the jury in the charge to a conviction for the offense on that date, and that act only. The court's action was clearly correct. Battles v. State, 63 Texas Crim. Rep., 147.

There appears in the record a refused special charge asked by appellant as to some argument of the county attorney. This question is not raised by bill of exceptions which is the only way that such question can be raised and preserved. A special charge only does not raise it. Besides, no complaint is made on that score in the motion for new trial. The record shows no error and the judgment is affirmed.

*Affirmed.*