P. B. CAMPBELL v. THE STATE.

No. 3025. Decided March 4, 1914.

1.—Occupation—Intoxicating Liquors—Local Option—Sufficiency of the Evidence.

Where, upon trial of pursuing the occupation of selling intoxicating liquors in local option territory, the evidence sustained the conviction, under a proper charge of the court, there was no error.

2.—Same—Evidence—Bill of Exceptions.

In the absence of a bill of exceptions to the admission of evidence, the same can not be reviewed on appeal.

**3.—Same—Charge of Court as a Whole.**

Where the court's charge as a whole fairly and fully presented every issue that was raised by the evidence, complaints to isolated portions thereof present no error.

**4.—Same—Requested Charges.**

Where the requested charges were covered by the court's main charge and others were not the law of the case, there was no error in refusing them.

**5.—Same—Definition of Occupation—Charge of Court.**

Where the court's charge on what is meant by pursuing the occupation of unlawfully selling intoxicating liquors in prohibition territory followed the law and precedent, there was no reversible error. Following Creech v. State, 70 Texas Crim. Rep., 229, 158 S. W. Rep., 277, and other cases.

**6.—Same—Suspension of Sentence—Verdict—Charge of Court.**

Where the jury found defendant guilty as charged in the indictment and assessed his punishment at two years in the penitentiary and did not recommend the suspension of sentence under a proper charge of the court on this subject, there was no error in the court's failure to submit requested charges thereon, and there was no error.

Appeal from the District Court of Hill.    Tried below before the Hon. Horton B. Porter.

Appeal from a conviction of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—This is an appeal from a conviction for pursuing the occupation or business of selling intoxicating liquors in prohibition territory.   The verdict of the jury affixed the lowest penalty therefor.

The evidence clearly shows that appellant received during the several months charged in the indictment large quantities of intoxicating liquors and that he made, during the same time, many sales thereof,— some by the drink, some by the half pint, and greater quantities.   The charge of the court submitted every issue raised under the indictment and the law and evidence.

There are no bills of exception in the record.   By several grounds of the motion for new trial appellant complains of the refusal of the court to permit certain testimony, and to the refusal of the court to sustain his challenge to one juror.   None of these matters are verified by bill of exceptions, in the absence of which they can not be reviewed by this court.

Appellant has several complaints to isolated portions of the court's charge, but these present no error.   When the court's whole charge is

taken into consideration, as stated above, it fairly and fully presents every issue that was raised and is in accordance with the statute as has many times been held by the decisions of this court. It is needless to cite them.

All of appellant's special charges were correctly refused by the court. Where they raised any question necessary and proper to be submitted, the court submitted it in the main charge correctly.

The court's charge on what is meant by pursuing the business or occupation of unlawfully selling intoxicating liquors in prohibition territory was in accordance with the statute and the many decisions of this court. It is needless to collate them, but see Wilson v. State, 70 Texas Crim. Rep., 631, 154 S. W. Rep., 571; Creech v. State, 70 Texas Crim. Rep., 229, 158 S. W. Rep., 277, and cases therein cited.

The appellant by proper sworn plea filed in time sought to have his sentence suspended in the event of his conviction. The court submitted this to the jury in the following charge:

"The defendant having filed herein his sworn statement and plea, alleging his good reputation heretofore, and asking for a suspension of his sentence in the event you find him guilty, therefore, you are instructed that if from the evidence you find that the general reputation of the defendant heretofore has been good, and that he has never been convicted of a felony in this or any other State, then and in that event, if it be by you determined to recommend the suspension of sentence, you may do so in the event you find the defendant guilty; otherwise you will not do so." The jury found appellant guilty as charged in the indictment and assessed his punishment at two years in the penitentiary, and did not recommend the suspension of sentence. The court on this question gave to the jury the form of verdict they were to render in case they desired to recommend the suspension of the sentence. The jury, by its verdict, clearly intended not to recommend the suspension of sentence. In view of the court's charge on the subject, there was no error in refusing the two special charges requested by appellant on that subject. We think it is clear, taking in view the whole of the suspended sentence law, that what is meant by "the general reputation of defendant" is such reputation for a peaceable, law-abiding man.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*