ROBERT COOK v. THE STATE.

No. 2912.   Decided March 11, 1914.

Rehearing denied April 15, 1914.

**Manslaughter—Suspension of Sentence—Constitutional Law—Province of Jury.**

Where the jury found the defendant guilty of manslaughter, assessing his punishment at two years imprisonment in the penitentiary, and passed upon the question of suspension of sentence under charge of the court finding that defendant had not heretofore violated the law, but failed or refused to recommend to suspend his sentence, the court could not suspend the sentence, and there was no error in entering a regular sentence. The present law with reference to suspending sentence is constitutional. Following Baker v. State, 70 Texas Crim. Rep., 618, and Roberts v. State, 70 Texas Crim. Rep., 588.

Appeal from the District Court of Montague. Tried below before the Hon. R. H. Buck.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*H. F. Weldon* and *W. E. Benson* and *J. M. Chambers,* for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

DAVIDSON, Judge.—Appellant was convicted of manslaughter, his punishment being assessed at two years confinement in the penitentiary.

The question of suspension of sentence was passed on under submission by the court to the jury. The jury found that appellant had not heretofore violated the law, etc., but failed or refused to suspend his sentence. That is the only question presented for review. It may be said, it is presented from two viewpoints, first, that the law is unconstitutional, and, second, that if not, then the law should be so construed that in all cases where the jury find the defendant has not heretofore violated any laws of his country, that the suspension will follow as a matter of law. The constitutionality of the law has been passed on in Baker v. State, 70 Texas Crim. Rep., 618, 158 S. W. Rep., 998, in an opinion by Judge Harper, and that opinion has been followed. In Roberts v. State, 70 Texas Crim. Rep., 588, 158 S. W. Rep., 1003, in an opinion by Judge Prendergast, it was held that it was only within the province of the jury to say whether or not the sentence should be suspended; in other words, it was a matter to be determined as a part of the punishment or suspension of punishment to be ascertained and determined only by the jury. That case has been followed in other cases. On the two questions see Baker v. State, supra; Roberts v. State, supra; Potter v. State, 71 Texas Crim. Rep., 209, 159 S. W. Rep., 846; Monroe v. State, 70 Texas Crim. Rep., 245, 157 S. W. Rep., 154. It is deemed unnecessary to review the question.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied April 15, 1914.—Reporter.]