LOU JOHNSON v. THE STATE.

No. 3227. Decided October 14, 1914.

**1.—Occupation—Intoxicating Liquors—Sufficiency of the Evidence.**

In the absence of a statement of facts, the complaint as to the sufficiency of the evidence can not be considered on appeal.

**2.—Same—Suspension of Sentence.**

Where the jury failed to recommend a suspension of sentence in their verdict, the court could not suspend the sentence. Following Roberts v. State, 70 Texas Crim. Rep., 588, and other cases.

Appeal from the District Court of Collin. Tried below before the Hon. M. H. Garnett.

Appeal from a conviction of unlawfully pursuing the occupation of selling intoxicating liquors in prohibition territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

PRENDERGAST, Presiding Judge.—Appellant was convicted for unlawfully pursuing the occupation or business of selling intoxicating liquors in prohibition territory and her punishment fixed at the lowest prescribed by law.

There is no bill of exceptions, nor statement of facts. There are but two questions mentioned in the motion for new trial. The first is, that the verdict is not supported by the evidence. Of course, in the absence of a statement of facts this can not be considered.

The other is, "the court erred in overruling suspension of sentence." The verdict of the jury found the appellant guilty and fixed her punishment; and, further, "We further find that the defendant has never before been convicted of a felony in this State, or any other State." The suspended sentence law requires that the jury shall recommend the suspension of sentence. The court can not suspend, unless the jury so recommend in the verdict. This court has so often decided that in verdicts precisely as this, the court could not suspend sentence, that we think it unnecessary to further review the question. We cite only some of the cases. Roberts v. State, 70 Texas Crim. Rep., 588, 158 S. W. Rep., 1003; Potter v. State, 71 Texas Crim. Rep., 209, 159 S. W. Rep., 846; King v. State, 72 Texas Crim. Rep., 394, 162 S. W. Rep., 890.

*Affirmed.*