### Reed Johnson v. The State.

#### No. 3217.   Decided October 14, 1914.

**1.—Forgery—Indictment—Explanatory Averment.**

Where the instrument set out in the indictment for forgery was accompanied by the proper explanatory averments, the same was sufficient.

**2.—Same—Evidence—Res Gestae.**

Upon trial of forgery, there was no error in admitting testimony as to how the forgery came about, the same being res gestae.

**3.—Same—Evidence—Other Transactions.**

Upon trial of forgery, there was no error in admitting in evidence a contemporaneous transaction by defendant of the same character and kind, under a proper charge of the court limiting the same to the purpose for which it was introduced.

**4.—Same—Charge of Court—Sufficiency of Evidence.**

Where, upon trial of forgery, circumstantial evidence sustained the conviction, there was no error in refusing peremptory instructions to acquit.

Appeal from the District Court of Jefferson.   Tried below before the Hon. W. H. Davidson.

Appeal from a conviction of forgery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*J. V. Hennig* and *J. W. O'Neal,* for appellant.—On question of insufficiency of the indictment: Horton v. State, 32 Texas, 80; Johnson v. State, 9 Texas Crim. App., 249; Henderson v. State, 14 id., 510; Roberts v. State, 18 id., 399; Bagley v. State, 63 Texas Crim. Rep., 606, 141 S. W. Rep., 107.

On question of explanatory averments: Huckaby v. State, 78 S. W. Rep., 942; Pelton v. State, 60 Texas Crim. Rep., 412, 132 S. W. Rep., 480; Tracy v. State, 90 S. W. Rep., 308.

On question of other offenses: Mason v. State, 20 S. W. Rep., 564; Walker v. State, 72 S. W. Rep., 401; Hunt v. State, 60 S. W. Rep., 965.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, Judge.—Appellant was convicted of forgery and his punishment assessed at five years confinement in the State penitentiary.

The indictment in this case contained the following innuendo or

explanatory averments: "That in said false and forged instrument, if true, the words 'Bmt. Tex.,' were meant and intended for 'Beaumont, Texas,' and the name 'T. G. Tigmosk' in said false instrument aforesaid was meant and intended for 'T. G. Lignoski'; and the said instrument aforesaid, if true, meant and was intended for an order from Ed Weiss upon the Sun Pipe Line Company, a corporation in favor of T. G. Lignoski, whereby the said Sun Pipe Line Company should pay to the said T. G. Lignoski the sum of six 80/100 ($6.80) dollars for unloading pipe and loading coal." The instrument set out in the indictment, with these explanatory averments, could be made the basis of a charge of forgery, and the court did not err in refusing to quash the indictment, and in overruling the motion in arrest of judgment.

Appellant objected to T. G. Lignoski testifying that appellant brought him an order signed by Ed Weiss, but on account of the way it was worded he declined to purchase it. That he (Lignoski) then wrote out the order copied in the indictment and introduced in evidence and gave it to appellant and told him if he would get Mr. Weiss to sign it he would cash it for him. Lignoski further testified that appellant went off with the order that he had written and returned with Ed Weiss' name signed thereto, when he cashed the order for appellant. This evidence was all res gestae of the transaction, and the court did not err in admitting it.

In another bill it is contended that the court erred in permitting Gus Higsby to testify that he purchased an order from appellant for $8 signed Ed Weiss, and on the same company, and about this same time. Appellant testified and admitted he had sold the alleged forged order to Lignoski; but claimed it had been given him by Hiram Reed to cash; that he did not sign Ed Weiss' name thereto. Under such circumstances it was not error to permit evidence of a contemporaneous transaction by appellant of the same character and kind, when properly limited by the charge of the court, as the court did in this case.

The only other bill complains of the action of the court in refusing to give peremptory instructions to acquit. This presents no error. The circumstances testified to were ample to justify the jury in finding that appellant signed the name of Ed Weiss to the order in question and the court charged on circumstantial evidence in language frequently approved by this court.

The judgment is therefore affirmed.

*Affirmed.*