## Y. M. CONATSER v. THE STATE.

### No. 3281. Decided October 28, 1914.

**1.—Occupation—Intoxicating Liquors—Local Option—Sufficiency of the Evidence.**

Where, upon trial of pursuing the occupation of selling intoxicating liquors in prohibition territory, the evidence sustained the conviction, there was no reversible error.

**2.—Same—Continuance—Motion for New Trial.**

Where the record showed that the alleged absent testimony was not probably true, there was no error in overruling the application for continuance and motion for new trial on that ground.

**3.—Same—Jury and Jury Law—Remarks by Judge.**

Where the record showed that the district attorney examined the panel and asked the jurors if they were biased in favor of or against the defendant, whereupon two of the jurors said that they were, there was no error in the action of the trial judge, who did not understand the question put to the jurors, in asking each of said jurors individually if he was biased in favor of or prejudiced against the defendant, to which they answered affirmatively and were excused.

**4.—Same—Suspended Sentence—Evidence.**

Where, upon trial of a felony, the defendant filed a plea for a suspended sentence in the event of conviction, there was no error in permitting the district attorney in cross-examination of defendant's witness to ask him if he did not know that defendant was running an assignation house, the same question having been asked defendant himself without objection; besides, the question was legitimate. Following Williamson v. State, 74 Texas Crim. Rep., 289, 167 S. W. Rep., 360.

**5.—Same—Evidence—Bill of Exceptions.**

In the absence of a bill of exceptions, complaints as to the admission of testimony can not be considered on appeal.

**6.—Same—Suspended Sentence—Verdict—Motion for New Trial.**

Where, upon trial of felony, defendant filed a plea for suspension of sentence, etc., which the court properly submitted to the jury, but the verdict was silent on the subject, merely finding the defendant guilty and assessing his punishment, and no complaint was made of this other than in defendant's motion for new trial, there was no reversible error. Following Roberts v. State, 71 Texas Crim. Rep., 77, and other cases.

Appeal from the District Court of Lamar. Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in prohibition territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

PRENDERGAST, Presiding Judge.—Appellant was convicted for pursuing the business or occupation of selling intoxicating liquors in prohibition territory and his punishment assessed at the lowest prescribed by law.

The evidence is amply sufficient to show, and the jury were clearly justified in finding him guilty in that it establishes that during the time alleged, he pursued the business, made many sales of intoxicating liquor to various persons alleged, as well as others, and that prohibition was in force in said county at the time.

He made a motion for a continuance on account of the absence of several witnesses. The record shows some of these appeared and testified on the trial. After his conviction he made a motion for new trial because of the absence of two of these witnesses, and the overruling of his said motion. The State vigorously contested this. The record shows that, when acting on it, the judge heard evidence thereon. The record, in no way, shows what this evidence was. In approving the bill the court did so with this explanation:

"The defendant filed his application for continuance for Pete Adair, L. S. Lawler, and Kelso Hollingsworth. Pete Adair was brought in and testified. The application was for Kelso Hollingsworth, and an attachment was ordered for him, and the testimony showed that the man they wanted was the man who had the little girl at defendant's house, under the treatment of Dr. Roberts of Paris, for eye trouble, and when the witness Holloway was brought into court under attachment, it developed that he was the same man who had the little girl at defendant's house and his name was Holloway, and not Hollingsworth, and the court will see upon the examination of the facts that the witness would not testify as claimed by defendant. Lawler was one of the State's witnesses; in fact, was one of the parties to whom the sale of the whisky was made, as alleged in the indictment; the facts further showed that he left the State for California the next day after the sale of whisky was made and nothing was done to secure his deposition, and if the witness had been present it is not probable from all the other facts and testimonies in the case that he would have testified as alleged by the defendant." The court committed no error on this point.

By another bill he complains that when the jury panel was examined to make up the jury, the district attorney asked the panel if they were biased in favor or against appellant. Two of the jurors answered that they were. The court, not understanding the questions, asked each of said jurors individually if he was biased in favor of or prejudiced against appellant. Each answered that they were prejudiced against him. The court at once set aside both of these jurors and neither sat on the jury. Appellant objected to the court asking these jurors individually the said question because their answers were calculated and likely to preju-

dice the balance of the jury against him. The court, in allowing the bill, did so with this explanation: "After the district attorney had asked the jurors the question, not understanding what the question was to Noah Blake. I then asked him if he said he was prejudiced against the defendant, and he replied that he was, and the court stood him aside and he did not serve; and the juror Conway also answered the question of the district attorney and I asked him if he was prejudiced against the defendant and he said he was. I stood him aside also; neither of the jurors above named served on the jury in this case." The action of the court could not and did not have the effect as claimed by appellant in his objection.

Appellant filed a plea for suspended sentence in the event of his conviction. The court submitted the question properly to the jury for a finding. Appellant has a very short and meager bill to this effect: That the district attorney in crossing appellant's witness Haddock asked Haddock if he did not know that appellant was running an assignation house. The bill does not disclose whether any answer was made to the question or not. He objected to the question because appellant was not charged with running such house, and the evidence was immaterial and would not tend to prove any issue in the case, and was calculated to prejudice the jury against him. The court, in approving the bill, did so with the explanation that the appellant asked for a suspended sentence and that issue was submitted to the jury. If we could go to the record it would show that appellant himself testified, and the State asked him if he was not running such house and he denied that he was. No bill was taken to his own testimony or the asking of the questions to him. As he had properly plead for a suspended sentence, clearly the State had the right to go into all such matters to enable the jury to determine whether or not they would suspend his sentence. Williamson v. State, 74 Texas Crim. Rep., 289, 167 S. W. Rep., 360.

Appellant, in his motion for new trial, complains of the admission of the testimony of various witnesses in several particulars, but none of these questions are raised or verified by bill of exceptions. Therefore, under a long line of uniform decisions such matters can not be reviewed by this court on appeal.

In his motion for new trial he complains that the verdict of the jury did not dispose of the question as to whether it would recommend a suspension of his sentence. The verdict said nothing on the subject. It merely found him guilty and assessed his punishment. No complaint was made of this otherwise than in his motion for new trial. This presented no error as many times held by this court. Roberts v. State, 71 Texas Crim. Rep., 77, 158 S. W. Rep., 1003; Potter v. State, 71 Texas Crim. Rep., 209, 159 S. W. Rep., 846; Bowen v. State, 72 Texas Crim. Rep., 404, 162 S. W. Rep., 1146; King v. State, 72 Texas Crim. Rep., 394, 162 S. W. Rep., 890; Campbell v. State, 73 Texas Crim. Rep., 198, 164 S. W. Rep., 850; Cook v. State, 73 Texas Crim. Rep., 548, 165 S. W. Rep., 573; Johnson v. State, 74 Texas Crim. Rep., 627, 170 S. W. Rep., 144, decided October 14, 1914.

There is nothing else raised which can be considered.   The judgment
is affirmed.

*Affirmed.*