## KEMP BONDS v. THE STATE.

### No. 7325.    Decided October 18, 1922.

**1.—Theft of Hog—Verdict—Words and Phrases.**

Where the verdict read: "We, the jury, find the defendant guilty of the charged in the indictment and place his sentence at two years in the penitentiary," the contention that the words, "place his sentence" renders the verdict invalid, is untenable.

**2.—Same—Foreman of Petty Jury—Practice in Trial Court.**

We know of no rule of procedure in this State which requires the foreman of the petty jury to proceed in any given way in the disposal of the issues before such jury, and the contention that the jury did not consider defendant's plea for suspended sentence, because the foreman of the jury did not submit his application for such sentence to the jury, is untenable. Following Potter v. State, 159 S. W. Rep., 846, and other cases.

Appeal from the District Court of Gonzales. Tried below before the Hon. C. K. Quin.

Appeal from a conviction of theft of a hog; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant pleaded guilty in the District Court of Gonzales County to the offense of theft of a hog and received a punishment of two years in the penitentiary.

In his motions for new trial and in arrest of judgment appellant complains of the form of the jury's verdict, and also of the fact that the jury did not consider his plea for suspended sentence, and that the foreman of the jury did not submit his application for such sentence to the jury.

The verdict of the jury is as follows: "We the jury find the defendant guilty as charged in the indictment and places his sentence at two years in the State penitentiary. L. H. Hinton, Foreman."

It is urged that the use of the words "place his sentence" renders such verdict invalid. We think the only question involved under our decisions is—Can the finding of the jury be reasonably ascertained from what they have said in their verdict,—and there seems no great room for doubt in our minds as to what this jury meant. True the judge pronounces the sentence, but this must accord with the term

of years or punishment°fixed or placed in the first instance by the jury. In a very true sense the length. of the sentence is first placed by the jury. In Sec. 646, Branch's Ann. P. 'C., will be found many cases cited supporting the general proposition herein announced.

Reverting to the other contention of appellant, we know of no rule of procedure in this State which requires the foreman of a petit jury to proceed in any given way in the disposal of the issues before such jury. In the instant case it seems undisputed that in the jury room the only question of the suspension of the sentence of appellant was freely discussed and that no one suggested that he be given a suspended sentence, or asked for a vote on that question. The legal effect of the verdict agreed to by all the jury, and the fact that such verdict received the sanction of all the jurors, and that they were bound to know that they were not giving to appellant a suspended sentence, would seem a sufficient discussion of this question. This court has held that the failure to mention the matter of suspended sentence in the verdict is tantamount to a denial thereof by the jury. Potter v. State, 71 Texas Crim. Rep., 209, 159 S. W. Rep., 846; Dawson v. State, 70 Texas Crim. Rep., 8, 161 S. W. Rep., 469; Cook v. State, 73 Texas Crim. Rep., 548, 165 S. W. Rep., 573; Johnson v. State, 74 Texas Crim. Rep., 627, 169 S. W. Rep., 1151. In Conatser v. State, 75 Texas Crim. Rep., 91, 170 S. W. Rep., 314, this court held that the failure of the verdict to dispose of the question as to recommending a suspended sentence, such verdict being silent on the subject, was not error available on motion for new trial. It would seem from the reasoning in that case that the accused should have raised the question immediately upon the return of the verdict, if he desired a finding on said issue.

Finding no error in the record the judgment is affirmed.

*Affirmed.*