## COLTER v. STATE.    (No. 11633.)

Court of Criminal Appeals of Texas. May 23, 1928.

1. Criminal law ⬉826—Refusal of instruction requested during argument cannot be held abuse of discretion (Code Cr. Proc. 1925, art. 660).

In view of Code Cr. Proc. 1925, art. 660, Court of Criminal Appeals cannot hold that trial court abused discretion in refusing request for instruction on law of circumstantial evidence after charge was read to jury and district attorney's argument had begun.

2. Criminal law ⬉1038(1)—Charge, to which court stated in approving bill of exceptions that no objection was presented, cannot be reviewed (Code Cr. Proc. 1925, art. 660).

Under Code Cr. Proc. 1925, art. 660, charge in burglary trial that finding of goods near defendant's house cannot be considered as circumstance against him, if jury has reasonable doubt as to whether they were ever in his possession, cannot be reviewed, where court stated in approving bill of exceptions that no objection was presented.

3. Criminal law ⬉722(2)—Argument that jury should not believe defendant's testimony because of evidence of his conviction of theft on plea of guilty held not improper.

District attorney's argument in burglary trial that jury should not believe defendant's testimony because of evidence of his conviction of theft on a plea of guilty *held* not improper.

4. Burglary ⬉38—Admission of testimony in burglary trial that stolen property was found near defendant's house held not error.

Admission of testimony in burglary trial that certain stolen property was found in branch near defendant's house *held* not error; objection going to weight rather than relevancy of testimony.

5. Criminal law ⬉871(2)—Foreman's signature of verdict need not be at end of document (Code Cr. Proc. 1925, art. 687).

It is not essential to the validity of a verdict that the foreman's signature, required by Code Cr. Proc. 1925, art. 687, be at the end of the document.

6. Criminal law ⬉871(2)—Requirement that foreman sign verdict held met by signature below finding of guilty and assessment of penalty, though followed by postscript not recommending suspended sentence (Code Cr. Proc. 1925, arts. 687, 696).

Requirement of Code Cr. Proc. 1925, art. 687, that verdict be signed by foreman of jury, *held* met by signature below finding of guilty and assessment of penalty, though followed by postscript, "We do not recommend suspended sentence"; amendment of informal verdict being authorized by article 696.

7. Criminal law ⬉885—Verdict of guilty assessing penalty showed conviction and refusal to recommend suspended sentence, without postscript below foreman's signature refusing recommendation (Code Cr. Proc. 1925, art. 696).

Verdict finding defendant guilty and assessing penalty was sufficient to show conviction and refusal of suspended sentence, without amendment, under Code Cr. Proc. 1925, art. 696, by postscript below foreman's signature stating that jurors do not recommend suspended sentence.

8. Burglary ⬉42(3)—Proof of burglary and accused's recent possession of stolen property was sufficient to support conviction.

Positive proof of burglary, accompanied by proof that accused was in recent possession of property stolen, was sufficient to support conviction of burglary.

9. Criminal law ⬉1159(1)—Jury's fact findings under unobjectionable charge are binding on appellate court.

Issues of fact having been settled by the jury under a charge to which no tenable objections were presented, the result is binding on the Court of Criminal Appeals.

Appeal from District Court, Houston County; Ben F. Dent, Judge.

───

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Henry Colter was convicted of burglary, and he appeals. Affirmed.

Adams & Adams, of Crockett, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The offense is burglary; punishment fixed at confinement in the penitentiary for a period of two years.

[1] After the charge had been read to the jury and the district attorney had proceeded at some length with his argument, appellant's counsel requested that the court instruct the jury upon the law of circumstantial evidence. In article 660, C. C. P. 1925, it is stated:

"After the argument begins no further charge shall be given to the jury unless required by the improper argument of counsel or the request of the jury, or unless the judge shall, in his discretion, permit the introduction of other testimony."

In view of the statutory law, there is no basis upon which this court may decide that the trial court abused his discretion in the matter of which complaint is made.

[2] The complaint of the paragraph of the court's charge set forth in bill of exceptions No. 2, in substance to the effect, that if any goods were found near the house of the appellant, or if the jury had reasonable doubt as to whether they had ever been in his possession, the fact that they were found could not be considered as a circumstance against him, cannot be reviewed for the reason that in approving the bill the court states that no objection was presented. This is made necessary by article 660, supra. The court's charge is not materially different from the appellant's requested charge No. 1. The refusal of special charge No. 1 cannot be reviewed because, as qualified, the bill shows that it was not presented until after the evidence was closed, the charge read to the jury, and the argument had begun.

[3] It seems that, for the purpose of impeachment, a judgment of conviction of theft upon a plea of guilty was interposed. Complaint is made of the argument of the district attorney stating that the appellant was a confessed thief, and making use of that as a basis for a conviction rather than as a basis for impeachment. The bill, as qualified, is to the effect that the expression used was not a confessed thief, but that it was argued that the jury should not believe the appellant's testimony because of the evidence mentioned.

[4] The bill complaining of the receipt in evidence of testimony to the effect that certain stolen property was found in a branch near the house of the appellant, we think, does not show error. The objection goes to the weight rather than to the relevancy of the testimony.

[5-7] The verdict, as it appears in the record, reads thus:

"We, the jury, find the defendant guilty and assess the penalty at two years in the penitentiary.   J. F. Shivers, Foreman.
"P. S.—We do not recommend suspended sentence."

Appellant complains of the refusal of the court to set aside the verdict, charging that it was not signed. In qualifying the bill, the court states that the verdict was signed and that the postscript was an amendment of it. The law directs that the verdict be signed by the foreman. See article 687, C. C. P. 1925. An informal verdict may be amended. See article 696, C. C. P. There are court decisions making a distinction between the meaning of the word "sign" and the word "subscribe," holding that, where the word "sign" is used in a statute, the locality of the signature is unimportant, provided it was intended as a signature. Many decisions of this and other courts exemplify the fact that it is not essential to its validity that the signature be at the end of the document. See 36 Cyc. of Law & Proc. p. 449; 30 A. L. R. p. 707, note; Taylor v. State, 16 Tex. App. 516; Fulshear v. Randon, 18 Tex. 275, 70 Am. Dec. 281. In the case of Wade v. State, 22 Tex. App. 256, 2 S. W. 594, a distinction seems to have been made with reference to the authentication of a statement of facts, of which the statute says: "The judge * * * shall * * * approve and sign it." Revised Civil Statutes 1925, art. 2243. Even with reference to such matter the conclusion mentioned seems of questionable soundness. In the present instance, it is thought that the demand that the verdict be signed was met. It may be added, however, that the amendment was unnecessary, as without the postscript the verdict is sufficient to show the conviction of the accused and the refusal of the suspended sentence. See Bonds v. State, 92 Tex. Cr. R. 394, 244 S. W. 382.

[8] The burglary was proved and part of the property stolen was found in the appellant's possession. He claimed to have received it from another person, and presented testimony to the effect that he was not present at the time the burglary was committed and did not take part therein. Positive proof of the burglary, accompanied by proof that the accused was in possession of the property stolen by the burglar, the possession being recent, was sufficient to support the verdict finding the appellant guilty of the offense. See Payne v. State, 21 Tex. App. 184, 17 S. W. 463, and cases collated in Branch's Ann. Tex. P. C. § 2346.

[9] The issues of fact having been settled by the jury under a charge by the court against which no tenable objections are presented, the result is binding on this court.

The judgment is affirmed.