THOMAS HARPER v. THE STATE.

No. 14680.   Delivered January 6, 1932.

The opinion states the case.

*Henderson & Bolin,* of Daingerfield, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful possession of intoxicating liquor for the purpose of sale; penalty assessed at confinement in the penitentiary for two years.

No bills of exception are found in the record, and no errors of procedure have been perceived.

In the motion for new trial complaint is made of the verdict of the jury for the reason that it is silent with reference to the issue of suspended sentence. The verdict is formal in finding the appellant guilty and assessing his penalty. From the charge of the court the jury was privileged to recommend a suspended sentence if, in their judgment, the facts justified it. The failure to mention the matter in the verdict implies the decision of the jury against the suspended sentence. See article 778, C. C. P., 1925; Potter v. State, 71 Texas Crim. Rep., 209, 159 S. W., 846; Bonds v. State, 92 Texas Crim. Rep., 394, 244 S. W., 382; and precedents therein cited.

The judgment and sentence are improperly entered in that they fail to take note of the indeterminate sentence law as set forth in article 775, C. C. P., 1925. The judgment and sentence will be reformed in that particular so as to declare that the appellant shall be confined in the penitentiary for a period of not less than one nor more than two years.

As reformed, the judgment is affirmed.

*Affirmed as reformed.*