IKE D. WATSON v. THE STATE.

No. 15146. Delivered March 2, 1932.
Rehearing Denied April 6, 1932.

The opinion states the case.

*M. L. Bennett,* of Normangee, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

'HAWKINS, JUDGE.—Conviction is for manufacturing intoxicating liquor, punishment being two years in the penitentiary.

Appellant entered a plea of guilty but made application for a suspended sentence. The court submitted the issue of suspended sentence and advised the jury regarding their option to recommend it. The verdict made no mention of it whatever.

In this court appellant assails the verdict on the ground that the jury failed to dispose of an issue submitted in the court's instructions. The decisions are against appellant's contention. Conatser v. State, 75 Texas Crim. Rep., 91, 170 S. W., 314; Bonds v. State, 92 Texas Crim. Rep., 394, 244 S. W., 382; Johnson v. State, 74 Texas Crim. Rep., 627, 169 S. W., 1151; Cook v. State, 73 Texas Crim. Rep., 548, 165 S. W., 573; Dawson v. State, 72 Texas Crim. Rep., 68, 161 S. W., 469.

We observe that in pronouncing sentence the court overlooked the indeterminate sentence law and directed that appellant be confined in the penitentiary for two years. The sentence of the court ought to have directed imprisonment in the penitentiary for not less than one nor more than two years.

The sentence will be reformed to comply with the indeterminate sentence law and, as reformed, is affirmed.

*Affirmed.*

Morrow, P. J., absent.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant moves for a rehearing on the ground that the court failed to instruct the jury that the burden of proof was on the state. Appellant pleaded guilty. There was no exception to the charge of the court. Where there is a plea of guilty we see no necessity for the court telling the jury that the burden of proof is on the state. By his plea of guilty appellant admits all the material allegations of the indictment, and the only object of the introduction of any testimony at all is, as said by our statute, to enable the jury to fix the punishment.

The motion for rehearing will be overruled.

*Overruled.*