Cesar LUNA, Appellant,

v.

STATE of Texas, Appellee.

No. 13–83–343–CR.

Court of Appeals of Texas,
Corpus Christi.

Dec. 15, 1983.

Shannon E. Salyer, Burkett & Burkett, Inc., Corpus Christi, for appellant.

Michael J. Westergren, County Atty., for appellee.

Before BISSETT, KENNEDY and GONZALEZ, JJ.

## OPINION

BISSETT, Justice.

This is an appeal from a conviction for the misdemeanor offense of driving a motor vehicle upon a public highway while intoxicated. Trial was before a jury. The jury found appellant guilty and assessed punishment at 90 days confinement in the County Jail and a fine of $200.00. The jury further recommended probation of the confinement portion of the sentence. It did not make any recommendation as to the probation of the fine.

On January 11, 1983, the trial court rendered judgment wherein appellant was ordered confined to the Nueces County Jail for 90 days and to pay a fine of $200.00. The confinement portion of the sentence was suspended in accord with the jury's recommendation and appellant was placed on misdemeanor adult probation for 24 months. One of the conditions of probation was that appellant pay the $200.00 assessed fine. On January 14, 1983, appellant filed a motion for new trial. A hearing was set on this motion for January 20, 1983. On this date a modified "Judgment of Conviction, Sentence and Order Suspending Sentence and For Probation" was rendered by the trial court wherein appellant was ordered confined to the Nueces County Jail for 90 days and to pay a fine of $200.00. Both the confinement portion of the sentence and the fine were suspended and appellant was placed upon misdemeanor adult probation for 24 months.

Appellant challenges the judgment of the trial court in two grounds of error. He does not challenge the sufficiency of the evidence to support the conviction. Appellant, in his first ground of error, contends that the trial court erred in receiving and accepting a fatally defective jury verdict which was insufficient and uncertain and assessed no definite punishment. This ground of error revolves around the failure of the jury to either recommend the granting or denying of probation as to the $200.00 assessed fine.

■ TEX.CODE CRIM.PROC.ANN. art. 42.13 § 3a (Vernon Supp.1982–83), provides that the jury may recommend the probation of the imprisonment *or* fine found in its verdict *or* the probation of both. Here, the jury made no recommendation as to the fine. The trial judge however, subsequently probated that fine. Since TEX.CODE CRIM.PROC.ANN. art. 42.13 § 3a (Vernon Supp.1982–83) provides that the jury's recommendation shall not limit the power of the court to grant a probation of sentence regardless of the recommendation of the jury, we fail to see how appellant was harmed in light of the trial court's subsequent action. Appellant's first ground of error is overruled. *See Watson v. State,* 47 S.W.2d 833 (Tex.Cr.App.1932); *Bonds v. State,* 92 Tex.Cr.R. 394, 244 S.W. 382 (1922); *Conaster v. State,* 75 Tex.Cr.R. 91, 170 S.W. 314 (1914).

■ Appellant, in his second ground of error, complains that the trial court erred in not charging the jury as to the length of the probationary period. The trial court in its charge on punishment instructed the jury that:

"The term of probation, if recommended by the jury, is for the period of the maximum confinement applicable to the offense of which the defendant has been convicted, that is, for two years. If the jury so recommends, the court is bound to grant such probation."

Article 42.13, Section 3a, provides that "the jury may recommend probation for a period of the maximum imprisonment applicable to such offense of which the defendant is convicted, ..." Under TEX.REV.CIV. STAT.ANN., art. 6701*l*–1 (Vernon Supp. 1982–83), punishment for operating a vehicle on a public highway while under the influence of intoxicating liquor shall be "confinement in the county jail for not less than three (3) days nor more than two (2) years, ..." It is appellant's contention

that under Article 42.13, Section 3a, the jury *may* recommend probation for the maximum term applicable to the offense, but is not required to. Rather, it may recommend probation for less time than the applicable maximum sentence. We do not agree.

Article 42.13, Section 3, states: "When imprisonment is assessed, the period of probation shall be for the maximum imprisonment applicable to such offense." We do not believe that the "may" language used in Section 3a, with regard to jurors, imposes a lesser standard than that imposed by Section 3. We believe that the "may" used in Section 3a applies only to the jury's discretion on whether or not to recommend probation itself and not to the actual length of the probationary period. The trial court's charge was proper. Appellant's second ground of error is overruled.

The judgment of the trial court is AFFIRMED.