## WESLEY ALLEN V. THE STATE.

### No. 2361. Decided May 7, 1902.

**1.—Forgery—Indictment—Innuendo and Explanatory Averments.**

In an indictment for forgery, it is permissible to insert explanatory averments as to the name forged to the instrument; and there can be no objections to such averments where the State has assumed the burden and proven them as alleged.

**2.—Same.**

In an indictment for forgery, it is not necessary to allege the name of the person intended to be injured or defrauded.

**3.—Same.**

Where a name is wrongly written, but intended for a specific individual, it would be forgery, and it is proper to so aver in the indictment.

**4.—Same.**

An instrument is the subject of forgery if not addressed to any one.

Appeal from the District Court of Falls. Tried below before Hon. Sam R. Scott.

Appeal from a conviction of forgery; penalty, two years imprisonment in the penitentiary.

No statement necessary.

No brief on file for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of forgery, and his punishment assessed at two years confinement in the penitentiary.

The indictment charges appellant with forging the following instrument, to wit: "Mr. George Eslaps Please pay this boy $3.00 Dollars for me T. W. WOOrd." It further charges, that by the name "Mr. George Eslaps," to whom said instrument was directed, was meant and intended Mr. George Islieb; and that by the expression, "this boy," to whom the instrument was made payable, was meant and intended that the same

should be paid to Wesley Allen, etc. That the name "T. W. WOOrd" was intended for "T. W. Ward," and that Ward was running an account with George Islieb. That by this order appellant intended and meant that it was to be an order for three dollars in money, directed by said T. W. Ward to George Islieb, and that if he (Islieb) would pay the said Allen the three dollars, that he (Ward) would pay said George Islieb said amount. There is a further count charging appellant with having said instrument in his possession, with the same explanatory and innuendo averments. The indictment is criticised because it fails to allege the person who was intended to be defrauded, or whose act it purported to be; and (2) because it shows on its face to have been signed by T. W. WOOrd, and the innuendo or explanatory averments charge that it meant T. W. Ward. We do not think there is any merit in either of these contentions. If they are necessary they may be treated as surplusage; and perhaps it would make no difference whether he intended the instrument to have been signed by T. W. Ward or not. It would equally have been forgery if appellant had signed the name of a fictitious person. But we believe the explanatory averments were permissible. By making these, the State took the burden of proving these explanatory averments, in order to obtain a conviction. The evidence fully sustains these allegations. Appellant himself testified to that effect. It was not necessary to allege the person who was intended to be injured or defrauded; but by the averments of the indictment it occurs that it was so alleged and was fully proved. The following authorities, we think, fully sustain the proposition, that where the name is wrongly written but intended for a specific individual it would be forgery; and it is proper to so aver in the indictment. Rollins v. State, 22 Texas Crim. App., 548; Crawford v. State, 40 Texas Crim. Rep., 344. The instrument is even the subject of forgery if not addressed to anyone. Kennedy v. State, 33 Texas Crim. Rep., 189; Dixon v. State, 26 S. W. Rep., 500.

The evidence supports the conviction, and the judgment is affirmed.

*Affirmed.*