## Ben Cober v. The State.

.No. 2882.   Decided January 7, 1914.

**1.—Sunday Law—Allusion to Defendant's Failure to Testify.**

Where State's counsel alluded to defendant's failure to testify, the same was reversible error.

**2.—Same—Practice in County Court—Sheriff.**

It was improper for the sheriff to interrupt defendant's counsel in the examination of witnesses, and such conduct should not be tolerated by the trial court.

**3.—Same—Evidence—Custom.**

Upon trial of a violation of the Sunday law, there was no error in rejecting testimony that it was the custom of parties to sell intoxicants under license and on prescription on Sunday.

Appeal from the County Court of Liberty.   Tried below before the Hon. I. B. Simmons.

Appeal from a conviction of a violation of the Sunday law; penalty, a fine of $25.

The opinion states the case.

*Marshall & Harrison,* for appellant.—On question of allusion to defendant's failure to testify:   Vickers v. State, 154 S. W. Rep., 578; Branch Crim. Law, section 849.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Judge.—Appellant was charged with selling intoxicants on Sunday.

While the county attorney was addressing the jury he said, among other things: "Gentlemen of the jury, Joe Small says that this defendant sold this whisky; Henry Lacy says that he sold this whisky, and Mr. Finley says that he instructed him to sell it and the defendant does not deny it." The defendant did not take the stand as a witness, or testify in his own behalf. This argument or statement is a violation of the statute which prohibits an allusion to the failure of a defendant to testify. We have had occasion to reverse quite a number of cases for the violation of this statute, and we again caution prosecuting officers to refrain from making such statements, allusions and arguments. For this reason this judgment must be reversed and the cause remanded.

Another bill recites that while defendant's counsel was cross-examining a witness named Baldwin, and after the witness had stated he had never talked with anyone about the case, and after he had further stated

in response to a question that he had talked with C. W. Carlisle, sheriff, and Mr. Cain, county attorney, in the witness room about this case before he testified and said he told them what he would swear to, defendant's counsel asked him "And what did they tell you to say?" And the said C. W. Carlisle, sheriff of Liberty County, being in the courtroom, arose and told counsel for defendant to "sit down and to keep his place and that if he was going to practice law to practice law, and that he (Carlisle) was not going to stand for anything like that," all of which occurred in the presence and hearing of the jury. To this appellant reserved a bill of exceptions. This is approved by the county attorney as being correct as it is by the judge who tried the case. This should not have occurred. We call attention to it so that in the future matters of this sort will not occur. The court should have promptly given his attention to this matter. The trial of cases should proceed in accordance with law without the interference and interposition of outside parties. If the attorneys do wrong, or ask questions that should not be asked, opposing counsel should object and the court should rule. It is not the duty, nor is it permissible, for parties outside of a case not engaged in it to act as the record shows the sheriff acted, and the court should have promptly rectified the matter. The trial of cases should be carried on in an orderly manner, and the court preserve its dignity and proper order. Just what effect this had upon the jury or upon the trial is a matter of conjecture, but such conduct should have been promptly suppressed, and if necessary the power of the court used in such way that the defendant's rights before the jury would not be injured by such conduct.

There are quite a number of bills of exception in the record, but as they are presented we are of the opinion they are not of sufficient importance to require a reversal of the judgment. One of the questions insisted upon was, in substance, that appellant proposed to prove it was the custom for parties selling intoxicants under license to sell on prescription on Sunday, and that this had been carried on at all times in the county, believing it to be no violation of the law, and until an opinion had been rendered by the Attorney-General holding that it was a violation of the statute to so sell there was no error in this ruling.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*