## S. H. Rouse v. The State.

No. 7550.    Delivered May 21, 1924.

Rehearing denied, January 7, 1925.

1.—Passing Forged Instrument—License for Auto—Order for—Forgery.

The law of this State requires that every motor vehicle have a number plate, a seal, etc. These number plates, seals, etc., are issued by the tax collectors in the several counties to owners of motor vehicles. Appellant presented a forged order to the tax collector of Mills County for a license and number, etc., for a Ford automobile. Was such a written instrument one

which, if true, might affect property. It is necessary in order to properly transfer and operate outos that the owner have license, seals, etc. In many ways it might be shown that the order in question affects property, and for that reason is a subject for forgery.

### 2.—Same—Evidence—Admissions—When Bound by.

The State was not bound by the statement of appellant, introduced by the State, that he had written the order at the request of a stranger whom he met near a creek, upon the proposition that the State did not show the falsity of said declaration, for the reason that appellant made entirely different statements to the officer when he presented the forged order. All were for the jury in determining the falsity of the statements made after arrest.

### 3.—Same—Evidence—Motive—Proof of.

As affecting the motive of appellant in presenting the order to the deputy tax collector, and his purposes in procuring the issuance of the license, seals, etc. in the name of B. E. Smith, it was material to show that said license, seals, etc., were placed by appellant, or were thereafter found, on a stolen car. The testimony of Mr. Foster relative to a car which he bought from appellant, upon which the engine number, seals, etc., were identical with those described in the receipt issued to appellant, and that said car was taken from him by the sheriff, was material.

### 4.—Same—Comparisons of Signatures—Immaterial.

Complaint that appellant was under arrest at the time he wrote the names used for the purpose of comparing handwriting, will not be considered in view of the fact that it was shown without objection that appellant did write the forged order, proof of admitted signature for comparison of handwriting became immaterial.

Appeal from the District Court of Mills County. Tried below before the Hon. M. B. Blair, Judge.

Appeal from a conviction for passing a forged instrument; punishment, two years in the penitentiary.

*W. B. Anderson,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Mills County of passing a forged instrument, and his punishment fixed at two years in the penitentiary.

The record shows that appellant presented to a deputy tax collector of Mills County the following order: "Send me licens for Ford car bought from Ford dealer, Dublin, Texas. engin No. 4850786." The officer inquired of appellant if he knew the party who had given the order and he said he did; had met him at his brother-in-law's near Dublin. Asked if he knew him to be all right, appellant answered affirmatively. Asked if he knew whether he owned the car, he replied that he did. Thereupon the officer accepted the order and the accompanying fee and gave to appellant the registration receipt with seal and number. The registration receipt given appellant

showed that the license fee for 1921 had been paid on a Ford car 1921 model, engine No. 4850786, seal No. 354422 and license No. 555591. This transaction had by the officer with appellant was based on the order above set out, and occurred May 30, 1921. The State asserts that said order was a forgery and that it was in fact made by appellant himself and in order to cover up his connection with a stolen car. Supporting this contention the State introduced Mr. Foster who bought from appellant in July, 1921, a car with engine, seal and license numbers corresponding to the ones issued to him upon said order. Appellant made to Mr. Foster a bill of sale to the car, signing his own name "S. H. Rouse." Appellant had the tax collector of Tom Green County, in which Mr. Foster lived, to register and transfer from him to Foster said car. Mr. Foster was permitted to testify that the sheriff of Tom Green County had taken from him the car in question without paying him for it. When arrested for his connection with the car apparently, appellant wrote his name and other names upon the back of a check and these samples of proven handwriting were used upon this trial for purposes of comparison with the handwriting of the alleged forged order. It was in testimony that the handwriting was the same. It was also testified to by deputy sheriff Ezell, without objection, that after arrest appellant told him that he was on his way to Goldthwaite from Ranger on the day of the alleged offense and passed two men fishing at a creek, there being two new Ford cars near them, and said men asked him to register their cars for them and that they would pay him when he returned bringing the seals and numbers. That he wrote an order for each of said men, one being the alleged forged order, and signed their names himself. That both of said men were strangers to him.

When this case was called for trial appellant moved to quash the indictment for various reasons. In our opinion the indictment charged a violation of the law. By innuendo averments it was set out that the alleged forged instrument was intended for and meant to be an application by H. Ezell, deputy sheriff and tax collector of Mills County, to issue to and in the name of B. E. Smith and deliver to the said S. H. Rouse, the bearer thereof, license, receipt and seal for the Ford car and that said instrument was intended for and meant that B. E. Smith had purchased from the Ford dealer at Dublin, Texas, a Ford car which he desired to register in Mills County, Texas, through said Ezell and have license receipt and seal issued to B. E. Smith and delivered to appellant. Nor can we agree with appellant that the alleged forged instrument was not such as could be the subject of forgery. It is not necessary that an instrument have a date in order to make it subject to forgery. Boles v. State, 13 Texas Crim. App., 657; Dickson v. State, 26 S. W. Rep., 501; Kennedy v. State, 33 Texas Crim. Rep., 189; Duncan v. State, 236 S. W. Rep., 468. Nor is it necessary that it be addressed to any particular person. Allen

v. State, 44 Texas Crim. Rep., 63; Johnson v. State, 99 S. W. Rep., 404; Green v. State, 63 Texas Crim. Rep., 510; Kennedy v. State, 33 Texas Crim. Rep., 189; Forcy, alias Jones v. State, 60 Texas Crim. Rep., 206. In Kennedy's case, supra, Judge Davidson, in discussing the proposition that it is not necessary that the instrument be addressed to some particular person, uses the following language:

"The law points out the treasurer as the party who shall pay school vouchers such as the one in question. Whether named or not, the treasurer is the party who is legally required to pay the voucher. It does not affect the validity of the instrument that his name be omitted. Instruments of writing may create pecuniary obligations, affect property in some manner, and be the subject of forgery, without being directed or addressed to any particular person."

This is peculiarly applicable to the instant case. The law makes the tax collector of the county the proper person to whom application should be made for the issuance of license and registered receipts and for seals, number plates, etc., in matters pertaining to the registration of automobiles. The facts in this case show that the instrument in question was presented to the proper officer. We do not regard the fact that the statute in terms directs that the application be made upon a form prescribed by the Highway Department, would in any way affect the validity of the application, or if presented by the owner of the car and accepted and acted upon by the officer, as in any way affecting the legality of the transaction. It could not be that the failure of the Highway Department to furnish the proper officer with forms, could prevent citizens from applying for seals, numbers, etc., and registration of their cars. Nor does the fact that the law requires the payment of a license fee as a prerequisite to the issuance of the receipt, license, seal, etc., affect the question of the application being the subject of forgery. It is necessary in order to properly transfer and operate cars that the owners have license, seals, etc. In many ways it might be shown that the order in question affects property. The fact that the officer failed or neglected to collect the license fee, which is made part of his duty to collect, would in no sense affect the validity of the license or the legality of the seals, numbers, etc., as affecting the right and propriety of the operation and transfer of cars. In our opinion the motion to quash was properly overruled as was also the motion for an instructed verdict.

Appellant claims that the State having introduced the statement of appellant to the officer after his arrest to the effect that he had written the order at the request of a stranger whom he met near a creek, is bound by it, upon the proposition that the State did not show the falsity of said declaration. We think appellant in error in this regard. The statements made by appellant to Mr. Ezell which accompanied the presentation of the order were to the effect that he knew Mr. Smith, the purported maker of the order, and had met him at his

brother-in-law's and had known him for a week and knew him to be the owner of the car referred to in the order,—all were for the consideration of the jury in determining the falsity of the statements made after arrest.

As affecting the order to the deputy tax collector and his purpose in procuring the issuance of license, seals, numbers, etc., in the name of B. E. Smith, it was material to show that said license, seals, etc., were placed by appellant or were thereafter found upon a stolen car. To the extent that it went in showing that the above facts existed, the testimony of Mr. Foster relative to a car which he bought from appellant upon which the engine number, seal, etc., were identical with those described in the receipt issued to appellant, and that said car was taken from him by the sheriff, was material; as was also the testimony of the sheriff that the number had been changed upon said car. As developing the *res gestae* and as affecting the same questions above mentioned, it was permissible to show that appellant presented to the officer another order at the same time as the one in question and that he made substantially the same statements with reference to his knowledge of the owner of the car referred to in the other order, as he did concerning his knowledge of the owner of the car referred to in the alleged forged order.

Complaint that appellant was under arrest at the time he wrote the names used for the purpose of comparing handwriting will not be considered in view of the fact that it being shown without objection that appellant did write the alleged forged order, proof of admitted signature for comparison of handwriting became immaterial.

We have not discussed by number and in detail the various exceptions presented by appellant but all of them are covered by what we have said.

Finding no error in the record, an affirmance will be ordered.

*Affirmed.*

ON REHEARING.

LATTIMORE, Judge.—The original opinion fails to set out that the alleged forged order for license was signed "B. E. Smith," and that when presented to the tax collector by appellant the document read as follows: "Send me licens for ford car bought from Ford dealer Dublin, Tex. engin no 4856786 (Signed) B. E. Smith."

The law of this State requires that every motor vehicle be registered and have a number plate, a seal, etc., and when such vehicle is sold by any person other than a dealer the seller shall endorse on his registration certificate a written transfer of same. The application for such registration is to be made to a tax collector. Art. 7012½ Revised Civil Stats. 1920. Any person operating a vehicle on the highways of this State without license number plate, etc. is guilty of a misdemeanor.

Art. 820a Vernon's P. C. This much is said to illustrate the proposition that an application for registration, seal, number plate, etc. is such instrument as may affect property. Appellant now contends in his motion that the alleged forged instrument could not be the subject of forgery and that the indictment is insufficient because it does not state that appellant paid or offered to pay the license fee, and it fails to set out that he lived in Mills county. We can not agree to either proposition. The question is not whether the alleged forged instrument was actually so used as to affect property. If such were the law, the indictment would need to allege as contended by appellant. The test is only whether it be such instrument as if true might affect property. An indictment for forgery need not state that the instrument was passed or used to defraud, though proof of such facts may be proper in a forgery case as sheddding light on the intent of the alleged forger. We fail to see how it could be held necessary to allege that appellant resided in Mills county.

Appellant also urges weakness of the facts. We regret our inability to agree that they are not sufficient. Appellant presented an order for registration signed B. E. Smith, and averred that he knew Smith, met him in Erath county, knew him to be the owner of the car in question. On this representation he procured license number, plate, etc. Later he himself transferred a car having such license and number plate, etc. This car was taken from the transferee by the officers. The order for the issuance of the license was shown by comparison to have been written by appellant himself. Later and after being arrested appellant said that the cars belonged to two men who were fishing on a creek who accosted him as he was coming to Goldthwaite and wanted him to get their cars registered, and that at the request of said men he wrote out and signed for them the orders for registration. He said there were two new Ford cars standing near where he saw them. He had never seen the men before, they were strangers to him. We think these facts not only sustain the verdict of guilty but that they fairly meet another contention of appellant which is that the State proved exculpatory statements of appellant and is bound thereby. The record shows that the State proved that when getting the license appellant told one story about Smith and about the cars to which the registration related, and when arrested that he told a totally different and contradictory story.

The testimony of Mr. Foster that he bought from appellant a car having the number, etc. as appeared in the license applied for by appellant signed B. E. Smith, and that this car was afterward taken from him by the officers, and that he had never been paid for said car; and the testimony of the sheriff that the numbers appearing on said car were not the factory numbers but that they had all been filed off and changed, was admissible as tending to show an intent to defraud

on the part of appellant in the transaction and as supporting that part of the State's case.

The motion for rehearing will be overruled.

*Overruled.*