# DECEMBER, 1924.

---

GORDON KING v. THE STATE.

No. 8316.   Delivered December 17, 1924.

Rehearing denied March 18, 1925.

**1.—Transporting Intoxicating Liquors—Jury—Talesmen—Properly Presented.**

Where the regular jury panel has been exhausted, talesmen should be summoned, and on return made by officer summoning, their names be drawn,

and a list of such talesmen in the consecutive order in which they are drawn furnished appellant. This practice was followed in the instant case and no error is presented.

2.—Same—Conspirators—Acts and Declarations—Admissible.

Where two are more persons are acting together is the commission of an offense, statements made by his co-conspirator at a former time in furtherance of and connected with the common design, are admissible against the appellant.

3.—Same—Res Gestae—Admissible—Possession of Pistol.

Proof that at the time of his arrest appellant had a pistol was admissible as res gestae, and was not objectionable on the ground that it showed appellant was guilty of another offense.

ON REHEARING.

4.—Same—Circumstantial Evidence—Charge on—Not Demanded.

Where on a charge of transporting intoxicating liquor, it is shown that officers caught appellant in the actual possession of whisky, and transporting it, a charge on circumstantial evidence was not required.

5.—Same—Witness—Impeachment of—Held Proper.

Where a co-conspirator and principal with appellant made declarations of a material character before the arrest of appellant and himself, he is properly subject to impeachment when such statements are denied by him.

6.—Same—Term of Court—Extension of—Properly Refused.        o

Where appellant filed a supplemental motion for a new trial, alleging facts that necessitated the hearing of evidence, and requested an extension of the term of court to enable him to present the evidence, such request was properly refused, where such supplemental motion was not sworn to by appellant. See page 805 of Vernon's Ann. C. C. P. sustaining the proposition that a motion for a new trial, which calls for evidence to sustain its allegations, must be sworn to.

Appeal from the District Court of Bastrop County. Tried below before the Hon. R. J. Alexander, Judge.

Appeal from a conviction for transporting intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*R. A. Brooks,* and *J. F. Hair,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Bastrop county of transporting intoxicating liquor, and his punishment fixed at one year in the penitentiary.

From the testimony of the State witnesses it is unquestioned that appellant transported intoxicating liquor on the occasion in question. He and one Montgomery were together. They came down the road

in a car and stopped. Here Montgomery took out of the car a box containing several fruit jars of whiskey and he and appellant came on some distance to where the officers commanded them to halt. The car in the meantime had driven away. When ordered to halt Montgomery threw down the whiskey he had and ran and appellant also threw away a quart of whiskey which he had and ran. The officers pursued them and arrested them. It was in proof that the night before Montgomery had sought to have a party go down into Lee county and haul some whiskey, and upon the refusal of said party Montgomery said he was going to have it brought if he had to walk. Both appellant and Montgomery testified that they got in the car with one Arvid Browning several miles from the point where the officers saw the party in the car, and that soon after they got in the car with him they discovered there was in the car a box containing whiskey. They further averred that when they reached the point where the officers said the car stopped and that appellant and Montgomery got out, that in fact they did get out of the car at that point but were only intending to carry the whiskey, which was in the car and which they said belonged to Browning, from the car to some point not far distant where they were going to leave it until Browning returned for it.

The brief filed by appellant contains no citation of authorities in support of any proposition advanced, nor have we been able to agree with any of the contentions made. ·The attack on the indictment appears trivial. · The regular jurors being exhausted, talesmen were ordered by the court. When return was made by the officer summoning such jurors the names were placed in a hat and drawn. Appellant's complaint of this procedure is wholly without merit. Appellant and Montgomery appeared to be acting together and we see no error in admitting the testimony of statements made by Montgomery at a former time apparently in furtherance of and connected with the common design which actuated the two parties on the occasion in question. The testimony that appellant had a pistol was developed as a part of the res gestae of the transaction, and the complaint that the State thus showed the offense of carrying a pistol presents no error. We see no error in the action of the trial court in permitting the State to show that the medal which had been exhibited to the jury as part of the defensive testimony and which appellant asserts was awarded to him for bravery in action during the late war, was not what he claimed it to be. There are many bills of exception in the record wholly without merit and while all of them have been examined by us, we do not deem it necessary to discuss the various contentions made.

The judgment of the trial court will be affirmed.

*Affirmed.*

LATTIMORE, Judge.—Appellant urges that for refusal to submit the case on the theory of circumstantial evidence, it should have been reversed. The officers gave direct testimony as to the fact of transportation of the liquor by appellant, hence there was no call for such charge.

Appellant and one Montgomery were together and apparently acting together in the transportation of the liquor. What Montgomery may have said the night before of his purpose to transport liquor, would be material to the issue of transportation by him and appellant in this case. His impeachment in regard to such statement was, therefore, not open to the objection that it was allowing impeachment on an immaterial mattter. So also as to the matter as to who was with Montgomery and appellant in the car out of which the latter two got with the liquor shortly before their arrest. It was material to the issues in this case to show who said party was. Appellant and Montgomery testified on the trial that it was a man named Browning. Montgomery was impeached by showing that he had stated to various parties that the man who drove off in the car just before they were arrested, was a negro.

Complaint is made that the court refused to extend the term at the request of appellant, it being contended that this was to enable him to present some matters material to the proper presentation of his case. It appears that appellant was convicted on July 21st, and thereafter filed a motion for new trial. On the last day of the term, —the 28th of July,—he filed a supplemental motion setting up and relying upon certain facts issues. This supplemental motion was not sworn to. The request for an extension of the term was to enable appellant apparently to procure witnesses to testify relative to the things set up in this supplemental motion. If the matter thus involved was one which was not properly before the court, it would be manifest that the refusal would not be error. Numerous authorities will be found on page 805 of Vernon's Annotated C. C. P. sustaining the proposition that a motion for new trial such as is this supplement, must be sworn to, otherwise it will not be considered.

This disposes of the points made in the motion, and being unable to agree with appellant it will be overruled.

*Overruled.*