### BENITO RIOJAS v. THE STATE.

No. 9520.    Delivered November 18, 1925.

Rehearing denied December 23, 1925.

**1.—Transporting Intoxicating Liquor—Indictment—Allegation and Proof—Variance Not Shown.**

Where on a trial for the transportation of spiritous vinous and *intoxicating* liquor, capable of producing intoxication, and the proof showed the transportation of tequila, and that this beverage was intoxicating, there was no variance between the allegation and proof. Following Travinio v. State, 92 Tex. Crim. Rep. 140.

**2.—Same—Evidence—Res Gestae—Properly Admitted.**

Where it was shown that officers on searching appellant's car, found 131 bottles of tequila and two pistols in the car, there was no error in admitting such testimony, same being res gestae.

#### ON REHEARING

**3.—Same—Indictment—No Variance Shown.**

Appellant urges in his motion for rehearing that we were in error in holding that there was no variance shown between the allegation and proof, and cites the case of Chaves v. State, 275 S. W. 1006. The allegations in the indictment in this case, are entirely different from those in the Chaves case, and appellant's motion for rehearing is overruled. Distinguishing the case of Chaves v. State, 275 S. W. 1006.

Appeal from the District Court of Jim Wells County.  Tried below before the Hon. Hood Boone, Judge.

*L. Broeter* of Alice, and *Bell & Bell* of San Antonio, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—From conviction in the District Court of Jim Wells County for transporting intoxicating liquor, with punishment fixed at one year in the penitentiary, this appeal is taken.

Appellant and his brother were in a car and passed a place where some officers were, the attention of the latter being attracted by the apparent contents of the car.  A chase was undertaken and extended a mile and a half or two miles before the car was caught.  Same was found to contain 131 bottles of tequila shown by the testimony to be intoxicating liquor.  The first bill of exceptions was to the refusal of a peremptory instruction based on the proposition that there was a variance between the allegation and the proof in that it was alleged that appellant transported spirituous, vinous and intoxicating liquor capable of producing intoxication, and that the proof only showed that the liquor was capable of producing intoxication and that it was not shown that same was spirituous or vinous. The complaint is without merit.  Travinio v. State, 92 Tex. Crim. Rep. 140.

The complaint that the officers searching the car found two pistols and were allowed to testify to this fact, is not sound. What was found in the car was part of the res gestae of the transaction and was admissible; nor do we think it erroneous for the court to refuse to charge the jury that they should not consider any testimony showing that the pistols were in the car.  While the unlawful transportation of liquor is itself a felony, the State would not be denied the right to prove, as persuasive of the unlawful character of the enterprise, that the parties had in the car weapons.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

Appellant insists that the proof failed to meet the allegation, and he cites Chaves. v. State, 275 S. W. Rep. 1006.  The

allegation in the indictment in that case differs from that in the instant case. In the case now before us it was alleged that the accused transported spirituous, vinous and intoxicating liquor capable of producing intoxication. It appears from the record that in the indictment the word "intoxicating" was written "intoxication," but this was treated and regarded both by the trial court and appellant as merely a matter of misspelling. In his charge to the jury the learned trial judge instructed them that appellant was charged with transporting spirituous, vinous and "intoxicating" liquor capable of producing intoxication. No exception was addressed to this. In appellant's motion for an instructed verdict, he asked for same stating that defendant was charged with the unlawful transportation of spirituous, vinous and "intoxicating" liquor,—this statement appearing twice in said motion. Again in appellant's motion for new trial he states that the indictment charged him with the unlawful transportation of spirituous, vinous and "intoxicating" liquor. The rule in this State is too well settled to need citation of authorities, that an indictment will not be held defective for the mere misspelling of a word.

Holding then that the indictment charged the transportation of "intoxicating liquor capable of producing intoxication," it is entirely different from the indictment in the Chaves case, supra, which charged transportation of "spirituous, vinous and malt liquor, capable of producing intoxication." The proof in this case showing that the liquor transported by appellant was intoxicating, this met the allegation in the indictment. The proof in the Chaves case, supra, did not meet the allegation in the indictment. The Chaves case is not authority for appellant's contention.

Believing the original disposition of this case to be correct, the motion for rehearing will be overruled.

*Overruled.*