Santiago Revilla v. The State.

No. 9920.  Delivered March 3, 1926.

1.—Possessing Intoxicating Liquor—Statements of Accused—Res Gestae—Properly Admitted.

What actually takes place just prior to and at the time of an arrest, when connected with the transaction at inquiry, is admissible as res gestae, and there was no error in this case in admitting testimony that appellant had a pistol when arrested.

2.—Same—Argument of Counsel—Defendant's Failure to Testify—Reversible Error.

Where, on a trial for possessing intoxicating liquor for the purpose of sale, the defendant not having testified on the trial, the statement of counsel for the State, in discussing appellant's possession of the tequila, "Did the defendant breathe a single thought or word that the 28 bottles of tequila was in his possession for any other purpose?" cannot be construed as other than an allusion to appellant's failure to testify, and necessitates the reversal of the case. See Branch's Ann. P. C., Sec. 375, and cases there cited.

3.—Same—Bill of Exceptions—Incomplete—No Error Shown.

Where a bill of exceptions complaining of the admissions of appellant after his arrest does not sufficiently set out all of the facts and circumstances showing the time which elapsed between his arrest and said statements and matters corrected therewith, to enable this court to determine whether or not such statements were res gestae, no error is presented.

Appeal from the District Court of Kleberg County.  Tried below before the Hon. A. W. Cunningham, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale, penalty three years in the penitentiary.

The opinion states the case.

*Perkins & Floyd* of Alice, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Kleberg County for unlawfully possessing whiskey for

sale, and his punishment assessed at three years in the penitentiary.

Appellant complains of the action of the court in refusing to grant his first application for continuance, and because he contends the sheriff, while he was confined in jail, refused to permit him to have access to his counsel in order to prepare for trial. From the disposition we have made of this case, it becomes unnecessary for us to discuss these questions, as they will not likely arise again upon another trial.

Appellant complains of the action of the court in permitting State's witness Moseley to testify that when he arrested the appellant he had a pistol, and to the court's refusal to withdraw said testimony from the consideration of the jury. There is no merit in this contention. What actually took place, just prior to and at the very time of the arrest, was part of the res gestae of the transaction, and was legitimate testimony to go before the jury.

The appellant strenuously insists that it was reversible error for the district attorney, while making his closing argument to the jury, in commenting upon the possession of the said tequila by the defendant and his having same for the purpose of sale, to state: "Did that defendant breathe a single thought or word that the 28 bottles of tequila was in his possession for any other purpose?" The record discloses that the appellant failed to testify in this case, and when said remarks were made by the district attorney, appellant's counsel objected to same as being a reference to the appellant's failure to testify in his own behalf. The trial court instructed the jury not to consider said remarks, but appellant insists that the court was unable to withdraw the damage done thereby from the jury. We are of the opinion that the contention made by the appellant in this instance is well taken under the well established doctrine laid down by this court on this point. Mr. Branch in his Ann. P. C., Sec. 375, states:

"It is error for the State's counsel in the argument to the jury to refer to or discuss the defendant's failure to testify, and the error is not cured by charging the jury to disregard such allusion." Citing many authorities from Hunt v. State, 12 S. W. 737, up to Cober v. State, 162 S. W. 869, and there have been many cases re-announcing the same doctrine since the last citation.

We think this was a direct allusion to the defendant's failure to testify, and from a careful examination of the entire record, together with the amount of punishment assessed, we are unable to reach the conclusion that the argument made

by the district attorney was not prejudicial to the defendant in the trial of this case.

The appellant complains of the action of the court in permitting the State to prove by the sheriff that, after he had arrested him, he stated that the whiskey in question belonged to him, appellant, because it is contended that said alleged statement was made while under arrest and no part of the res gestae. The bill as presented fails to set out sufficiently all the facts and circumstances as to the time elapsing between the arrest and said statement and matters connected therewith, in order that this court might be able to determine whether this testimony came within the doctrine of res gestae or not, and, as presented, shows no error in the action of the court in the admission of this testimony. The other complaints urged by the appellant to the trial of this case, as shown by other bills of exceptions, show no reversible error in the action of the court complained of.

For the error above discussed, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*