## DICK WRIGHT v. THE STATE.

No. 11129.   Delivered February 8, 1928.

Rehearing denied March 14, 1928.

1.—Sale of Intoxicating Liquor—Copy of Indictment—Served on Appellant—Sufficient.

Where the copy of the indictment served on appellant, who was in jail, was exact and literal save for the omission of the number of the case, same was sufficient.

**2.—Same—Competency of Witness—Indicted for Felony—Not Disqualified.**

Where it was shown that the state's prosecuting witness was under indictment for a felony, this fact did not disqualify him as a witness. Incompetence only results from conviction of such felony.

**3.—Same — Impeaching Defendant — Conviction of Another Offense — Properly Admitted.**

On cross-examination the state was properly permitted to prove by appellant that he had been convicted of a felony in 1916, nothing in appellant's bill showing such conviction to have been too remote.

ON REHEARING.

**4.—Same—Copy of Indictment—Not Certified by Clerk—Held Sufficient.**

Art. 487 C. C. P. provides that if the accused be in custody a "certified" copy of the indictment shall be served upon him." We are of opinion that both the spirit and purpose of the law is complied with, when it is shown that a substantial copy of the indictment is in possession of the appellant, a sufficient length of time before his case is called for trial, to enable him to properly prepare his defense, and that a literal compliance with the direction that such copy of the indictment be served upon him by the sheriff, is not necessary." See Wray v. State, 89 Tex. Crim. Rep. 632, and other cases cited on rehearing.

Appeal from the District Court of Hall County. Tried below before the Hon. R. L. Templeton, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

*McIntosh & Bragg* of Memphis, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, JUDGE. — Conviction for selling intoxicating liquor, punishment two years in the penitentiary.

A state witness testified positively to a purchase from appellant of a half pint of whiskey. The sheriff testified that he saw appellant hand to said witness a bottle, and later saw the bottle of whiskey in the possession of said witness. The defense was an alibi, and appellant introduced several witnesses who testified that on the day laid in the indictment as the date of the purchase, appellant was out in the country and not at the place where the state witness claims to have purchased the liquor from him. On cross-examination these witnesses gave evidence of the fact that they did not know where appellant was the day before nor the day after the alleged date of sale, and their reasons for being certain of their knowledge where he was on

the day of the sale are not entirely satisfactory. The evidence seems amply sufficient to support the conclusion of guilt.

Seven bills of exception were reserved. The first complains that the copy of the indictment served upon appellant, who was in jail, was not a true copy, because same did not contain the docket number of the case. The objection was entirely without merit. The copy served on appellant was exact and literal, save for the omission of the number of the case.

The purchaser of the alleged liquor admitted on cross-examination that he was under indictment for a felony. Appellant objected to his testimony on the ground that he was incompetent. The objection was not well taken. One under indictment is a competent witness. Incompetence only results from conviction of such felon. The court was entirely correct in refusing appellant's request for an instructed verdict.

While a witness appellant was asked if he had not been convicted of a felony in 1916. He answered without objection that he had. Later during the trial his counsel presented a written request that the court instruct the jury not to consider this testimony. To the refusal to give this instruction an exception was reserved. We do not conclude from the bill that any error was shown. Appellant may have remained in the penitentiary under said conviction up until near the time of this trial for aught shown in the bill. For aught this court knows from the bill the 1916 conviction referred to might have been one in a chain of felonies which may have continued down to the time of the trial. We do not hold a conviction of felony too remote to affect the credibility of a witness if other testimony shows that he has not reformed since said conviction, but has been continuously engaged in other crimes involving moral turpitude. The bill of exceptions taken must manifest the error complained of. Bills Nos. 6 and 7 set out objections to the charge of the court, but same have been considered and are not deemed necessary of discussion. Neither presents error.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists that one feature presented by bill of exception No. 1 was not discussed in the ment served upon him was not a "certified" copy. Appellant was confined in jail. The Constitution (Sec. 10, Art. 1), guarantees that accused "shall have the right to demand the nature original opinion, viz.: his complaint that the copy of the indict-

and cause of the accusation against him, *and to have a copy thereof."* In order that the demand of the Constitution be met, Art. 487 C. C. P. provides that if accused be in custody a "certified" copy of the indictment shall be served upon him. There appears in the bill of exception the original indictment and the copy thereof which was in fact served upon appellant. The one delivered to him was a literal copy of the original indictment, which contained six counts, and the copy advised him with the utmost particularity of the "nature and cause of the accusation against him," but the clerk omitted to fill out and sign the blank form certifying that it was a true copy. It is on this omission that appellant's contention on rehearing is predicated. In speaking of the statute regarding copies of indictments it is said in Keener v. State, 51 Tex. Crim. Rep. 590:

"Let it be conceded that this statute is mandatory in terms, still it must receive a reasonable construction so as to protect appellant's right, while at the same time not obstructing ·or delaying trials."

The language in Redford v. State, 98 Tex. Crim. Rep. 42, 262 S. W. 766, is:

"The purpose of these provisions is to guard against bringing one to trial in ignorance of the charges against him without opportunity to prepare his defense."

From Wray v. State, 89 Tex. Crim. Rep. 632, 232 S. W. 808, we quote:

"We are of the opinion that both the spirit and purpose of the law is complied with when it is shown that a substantial copy of the indictment is in possession of the appellant a sufficient length of time before his case is called for trial to enable him to properly prepare his defense, and that a literal compliance with and direction that such copy of the indictment be served upon him by the sheriff is not necessary."

Similar language in Wimberly v. State, 95 Tex. Crim. Rep. 102, 252 S. W. 787, is:

"The object of service of a copy of the indictment upon the accused is to apprise him, he being presumed innocent, of the charge against him, so that he may have notice in time of what he must prepare to meet and of the exact offense charged."

Luster v. State, 63 Tex. Crim. Rep. 541, is direct authority against appellant's position and in principle has been followed in Stovall v. State, 95 Tex. Crim. Rep. 189, 253 S. W. 526, and in Adams v. State, 95 Tex. Crim. Rep. 226, 252 S. W. 797. An examination of the cases cited will furnish reference to many

other authorities. The copy of the indictment actually delivered to appellant furnished him with all the information guaranteed him under the Constitution, and he would have been in no better position to have prepared a defense had the clerk certified many times over that the copy was correct. When the irregularity was called to the attention of the learned trial judge, an investigation of the matter became necessary and if any material variance was discoverable between the copy served and the original indictment a postponement would have been demanded until the statutory and constitutional provisions could have been substantially complied with. Doubtless such would have been the course pursued in the present instance had any such variance appeared.

The motion for rehearing is overruled.

*Overruled.*