### GRILLE v. STATE. (No. 12541.)

Court of Criminal Appeals of Texas. June 19, 1929.

Rehearing Denied Oct. 16, 1929.

Tarlton & Lowe, of Corpus Christi, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for possessing equipment for the purpose of manufacturing intoxicating liquor; punishment, one year in the penitentiary.

Officers in possession of a search warrant went to premises occupied by appellant, his father and family. In a little house in a pasture some 125 or more yards from the residence they found a complete still and equipment for manufacturing intoxicating liquor, together with mash and some whisky already made up. Appellant was present. When asked who the still belonged to, he said it was his. A keg of whisky was found some three or four hundred yards from the stillhouse; same being buried in the brush. Appellant said that this whisky belonged to him also. In a barn whose door was shown in the testimony to be standing open was found a large quantity of wine and beer.

Some twenty-one bills of exception are in this record. Bills Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, and 21 all present objections to various parts of the testimony of the officers detailing their search, what they found in what is called the stillhouse, what they found in the barn, what they found buried in the brush some distance away, and what they did with the liquor, equipment, etc. We have examined each of said bills of exception. We do not discuss them because they present no new question, and none which have not been repeatedly passed upon by this court in other cases. If the stillhouse in which the mash, material, etc., were found is within any of the forbiddances of a search without a warrant, it being a little house down in a pasture, we observe that the officers were armed with a search warrant signed by one party directing the search of the house, premises, etc., of this appellant and his father, and we further note that the house which was searched and in which the liquor was found was not the private residence or any part thereof of appellant or his father. We further observe from the record that the barn which was searched was standing open, and the officers observed in same a box which, upon examination, was found to contain beer, and that in said barn upon further search was found a large quantity of wine. We further observe that, following a trail, the officers found buried in the brush some 300 yards away a 5-gallon keg of whisky. The jury gave to appellant the minimum penalty.

There is complaint of the overruling of appellant's challenge to a juror who said he had some objection to the giving of a suspended sentence. The bill presenting this matter is qualified by the trial court without objection, and, considering the qualification, it is not made to appear that any objectionable juror, or any one to whom appellant objected, was forced upon him.

The evidence in this case is plain, overwhelmingly so, that appellant was engaged upon a large scale in the manufacture of intoxicating liquor. The affidavit and search warrant were in conformity with the requirements of the law. The search was conducted in an orderly manner. The testimony regarding what was found was admissible.

No error appearing, the judgment will be affirmed.

## On Motion for Rehearing.

HAWKINS, J. Appellant predicates his motion for rehearing upon bills of exception Nos. 1 and 13. Bill No. 1 relates to what is claimed to have been error on the part of the court in not sustaining appellant's challenge for cause to the juror South, and then, after appellant had challenged him peremptorily and exhausted all his peremptory challenges forced appellant to accept the juror Brashear, who appellant says was objectionable. The entire examination of the juror South appears in the bill. It is questionable whether the court committed error in holding said juror qualified, but discussion of that question is pretermitted, as the bill may be disposed of on another ground. The only information we have on appellant's claim that the juror Brashear was objectionable is found in the following statement in the bill: "The juror, H. B. Brashear was objectionable to the defendant for the reason that in answer to the questions of the defendant's counsel it appeared to the defendant that this juror was to some extent prejudiced against the application of the suspended sentence law although his prejudice was not expressed in sufficient terms to justify a challenge for cause on that ground."

In opposition to such recital, appears the following qualification of the learned trial judge in explanation of the bill: "No challenge for cause was offered by defendant to juror Brashear, and his voir dire examination did not disclose to the court that said juror Brashear was prejudiced against the application of the suspended sentence law."

The bill was accepted without objection to such qualification. The impression upon the court from the examination of the juror Brashear seems directly opposed to that made upon appellant. Under such circumstances we are in no position to determine the question in the absence of information as to what the examination of said juror developed. The point appears to have been decided adversely to appellant in Hudson v. State, 28 Tex. App. 338, 13 S. W. 388, 389; Johnson v. State, 108 Tex. Cr. R. 499, 1 S.W.(2d) 896. Other authorities are referred to in the case last cited.

Bill No. 13 reflects that an officer testified that they found in the little house where the still was in operation a pistol, leaning against the hogpen a .22 rifle, and in the garage a shotgun, all being loaded. Appellant objected that the evidence was immaterial, it not being claimed that any resistance was

offered by appellant, and that it was prejudicial, having a tendency to lead the jury to think appellant was a dangerous man, and cause the jury to disregard his plea for a suspended sentence. The guns were found at the same time the search revealed the still and whisky, and at and near the same place. The discovery of the guns was contemporaneous with the search of the premises and the arrest of appellant. It was res gestæ; hence admissible. Revilla v. State, 103 Tex. Cr. R. 418, 280 S. W. 1064; Riojas v. State, 102 Tex. Cr. R. 460, 277 S. W. 696; King v. State, 99 Tex. Cr. R. 425, 269 S. W. 1042.

The motion for rehearing is overruled.