Believing that the appeal has been properly disposed of, appellant's motion for rehearing is overruled.

Opinion approved by the Court.

## CHANDLER v. STATE.
### No. 24643.

Court of Criminal Appeals of Texas.
Feb. 8, 1950.

On Rehearing April 19, 1950.
For Opinion on Further Motion for
Rehearing, see 230 S.W.2d 526.

No appearance for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

WOODLEY, Judge.

Appellant was convicted of the offense of assault with intent to murder with malice, and his punishment was assessed at five years in the penitentiary.

The evidence shows that the assault was committed upon Bena Chandler, by shooting her with a pistol.

Bena was formerly the wife of appellant, and the mother of his children. They were divorced, but it appears were again living together as man and wife at the time of the shooting.

Two of the shots fired by appellant struck Bena Chandler in the leg, one below and one above the knee.

In the year 1947, appellant had been adjudged to be a person of unsound mind. He testified, however, as a witness in his own behalf.

The court, in his charge, properly instructed the jury on insanity as a defense, and placed the burden of proof on the State to prove the sanity of appellant.

The evidence sustains the verdict of the jury and no question is raised as to its sufficiency.

Appellant has filed no brief. One bill of exception appears in the record.

Over the objection of appellant made at the time, and following a preliminary warning that objection would be made, appellant, on cross examination, was required to testify: "I was indicted in Lamb County in 1937 for assault with intent to murder."

In his charge, the court withdrew such testimony and instructed the jury not to consider it for any purpose.

Appellant's objection was on the ground that same was prejudicial and inflammatory, and that the evidence was too remote.

The bill of exception fails to disclose what, if any, information regarding the intervening conduct of appellant was before the court at the time he admitted the testimony.

Whether a previous indictment or conviction is too remote is not to be determined alone by the lapse of time. The intervening conduct of the accused also is to be taken into account, and often determines the question of remoteness. See Wright v. State, 109 Tex.Cr.R. 164, 3 S.W. 2d 804.

From the bill, it does not appear that the trial judge abused his discretion in admitting the evidence originally.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.

HAWKINS, P. J., absent.

Motion for Rehearing.

DAVIDSON, Judge.

Among the exceptions reserved to the charge was that of the failure of the court to charge upon appellant's lack of intent to kill and upon aggravated assault.

These matters were not called to our attention by appellant upon original presentation.

That the injured party received two bullet wounds from a pistol in the hands of appellant is not disputed. One bullet entered above and the other below the knee of the same leg. The shooting occurred while the parties were scuffling in the front seat of an automobile.

It was appellant's testimony that the pistol accidentally fired as a result of the injured party's kicking it with her foot. He stoutly denied any intent upon his part to kill the injured party.

There is a lack of any testimony showing a specific motive on the part of appellant to kill the injured party.

In Watts v. State, Tex.Cr.App., 207 S.W.2d 94, we made it clear that the specific intent to kill, which is an essential element of the crime of assault with intent to murder, is a fact question and that no legal presumption attains by which that fact is deemed established.

Under the facts here presented, the conclusion is reached that appellant was entitled to have the jury instructed upon the lack of an intent to kill and upon the law of aggravated assault, and that the trial court fell into error in failing and refusing to do so.

It follows, therefore, that appellant's motion for rehearing is granted, the judgment of affirmance is set aside, and the judgment of the trial court is now reversed and the cause remanded.

Opinion approved by the Court.