LEROY JOHNSON V. STATE

No. 34,295.   February 21, 1962
Motion for Rehearing Overruled April 11, 1962

*Kenneth B. Kramer,* Wichita Falls, for appellant.

*Stanley C. Kirk,* District Attorney, *Timothy D. Eyssen,* Assistant District Attorney, Wichita Falls, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for forgery; the punishment, enhanced by two prior convictions for felonies less than capital, life imprisonment, as provided by Art. 63, V.A.P.C.

The instrument set out in the indictment haec verba was of the tenor following:

**CUSTOMER'S DRAFT**      3

Courtesy of
CITY NATIONAL BANK
in Wichita Falls
Wichita Falls, Texas

‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑Wichita Falls, Texas 6/6/61

Pay to the order of ‑‑‑‑‑‑‑Leroy Johnson ‑‑‑‑‑‑$98.75

Ninety-eight & 75/100 ‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑ Dollars

     Value received and charge to account of with exchange

To‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑

‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑

                   Solon R. Featherston

The State's proof shows that on June 7, 1961, appellant came into the Gill Grocery store in Wichita Falls, purchased $27.58 worth of groceries and paid for the same by endorsing the check described in the indictment. After receiving $71.17 in change, appellant left but never returned for the groceries.

Solon R. Featherston, upon being called as a witness by the State, testified that the signature on the check in question was not his signature and that he had not given the appellant his consent or permission to sign the same.

On June 8, 1961, following his arrest, appellant, after being duly warned, voluntarily gave a written specimen of his handwriting. Elmer N. Martin, supervisor of the questioned document section at the Texas Department of Public Safety Laboratory whose qualification as a handwriting expert was shown, testified that he made an analysis and comparison of the appellant's specimen of handwriting and the handwriting on the check in question and expressed the opinion that the person who wrote the check was one and the same person who gave the handwriting specimen.

The prior convictions were proved by certain prison records and comparison of finger prints in the manner which has been held sufficient by this Court.

Appellant did not testify.

Appellant predicates his appeal upon two contentions.

He first insists that the court erred in overruling his motion to postpone the trial for a period of two days on the ground that the copy of the indictment served upon him while in jail did not correspond to the indictment upon which he was tried. The copy served upon appellant was a true copy of the original except the three blank lines in the lower left hand corner of the original were not shown on the copy and the words "Value received and charge to account of ___ ___ with exchange" in the original indictment were transcribed in the copy "Value register and check to account of ___ ___ with exchange".

It is the rule that if the variance between the indictment and the copy is immaterial and could not mislead the defendant it will be held to be a correct copy. 1 Branch's Ann. P.C. 2nd Ed., Sec. 536, pages 514-515; Johnson v. State, 4 App. 268; White v. State 32 Texas Crim. Rep. 635, 25 S.W. 784; Leslie v. State, 47 S.W. 367; Wimberley v. State, 95 Texas Crim. Rep. 102, 252 S.W. 787. See also Wright v. State, 109 Texas Crim. Rep. 164, 3 S.W. 2d 804; Weir v. State, 115 Texas Crim. Rep. 491, 26 S.W. 2d 271.

The variance in the instant case between the original indictment and the copy was not of such a material nature as to mislead the appellant. In refusing to postpone the hearing the court did not err.

Appellant next insists that the check in question was void on its face because the name of the drawee bank was not shown therein and, for such reason, it could not be the subject of forgery.

In his brief and in oral argument appellant contends that because the name of the drawee bank was omitted from the check, it was not a negotiable instrument, and therefore, was not the subject of forgery.

Art. 979 V.A.P.C., in defining the offense of forgery, provides:

"He is guilty of forgery who without lawful authority, and with intent to injure or defraud, shall make a false instrument in writing purporting to be the act of another, in such manner that the false instrument so made would (if the same were true)

have created, increased, diminished, discharged or defeated any pecuniary obligation, or would have transferred, or in any manner have affected any property whatever. O.C. 431."

In 3 Branch's Ann. P.C. 2nd Ed., Sec. 1587, page 726, it is stated:

"Ordinarily a fair test of whether an instrument in writing alleged to be forged is the subject of forgery is: would the holder of same, if the same were true, be enabled to maintain or defeat a civil suit by such instrument?"

It is held that a writing may be the subject of forgery although it is not addressed to any particular person. Dixon v. State, 26 S.W. 500; Scott v. State, 40 Texas Cr. Rep. 105, 48 S.W. 523; and Allen v. State, 44 Texas Crim. Rep. 63, 68 S.W. 286.

A check or draft to be the subject of forgery need not show on its face upon whom it is drawn. 3 Branch's Ann. P.C., Sec. 1587, pages 726-729; Johnson v. State, 99 S.W. 404; Bowen v. State, 72 Texas Crim. Rep. 404, 162 S.W. 1146; Rouse v. State, 98 Texas Crim. Rep. 586, 267 S.W. 275, and cases cited.

In Johnson v. State, supra, this Court, in upholding a conviction for forgery of a draft in which there was doubt as to upon whom it was drawn said:

"Indeed, the authorities teach that an instrument, without any drawee named, is the subject of forgery, and it need not be shown in the indictment by explanatory averments on whom it was intended that the instrument was drawn."

Under the rules above stated, the check in the instant case was clearly an instrument which could be the subject of forgery.

We know of no authority which holds that because an instrument for some reason is not a negotiable instrument under the Negotiable Instrument Act, 5932 V.R.C.S., it may not be the subject of forgery. We have examined the authorities cited by appellant and they do not support such a holding.

The evidence is sufficient to support the conviction.

The judgment is affirmed.

Opinion approved by the Court.