**John D. BEELER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 36372.**

Court of Criminal Appeals of Texas.

Jan. 15, 1964.

R. Richard Thornton, Galveston (court appointed counsel), for appellant.

Jules Damiani, Jr., Dist. Atty., Raymond E. Magee and Thomas L. Douvry, Asst. Dist. Attys., Galveston, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for possession of marihuana with two prior convictions for felonies less than capital alleged for enhancement; the punishment, life.

The testimony of the La Marque City Officers Stroud, Gassaway, and Odom reveals that about 3 a. m., March 25, 1962, while riding in a patrol car, they observed the appellant who was seated between Samuel Cooper and Margie Justice in the front seat of a four door Pontiac that belonged to Justice who was driving. The appellant looked back, and then turned and moved forward in the car. Because of defective headlights and the Pontiac being driven astride the center stripe on the right side of a four lane highway, upon a signal from the patrol car the Pontiac was stopped. Cooper and the appellant got out of the Pontiac on the right hand side and Justice from the left side. Cooper appeared to have something in his right hand when he got out of the Pontiac, and as he stood up he threw something under the car which made a noise. Underneath the car the officers found 1 capsule, 5½ tablets in a package, another package with five cigarettes in it, and a bottle containing some loose plant material. Particles of marihuana were found in the pockets of a jacket which the appellant was wearing when arrested.

A search of the Pontiac revealed a .38 revolver in the glove compartment, a .25 automatic pistol under the right front floor mat, three red capsules and one cigarette butt under the rear seat.

Chemist McDonald testified that an analysis showed that the bottle contained 1.4 grams of marihuana, each of the five cigarettes contained about three grains of marihuana, the jacket pockets contained particles of marihuana, the capsules contained barbituric acid and the tablets contained amphetamine.

Proof was offered by the state of the two prior non-capital felony convictions alleged and that the appellant was the same person so convicted. Further, the appellant while testifying admitted the prior convictions alleged.

Testifying in his own behalf, the appellant stated that Margie Justice was the owner and driver of the Pontiac, that she was taking him to Houston, and Cooper was accompanying her. Cooper had previously borrowed appellant's jacket which he returned about 1 A.M. before their arrest at 3 A.M., and he never examined the pockets for their contents. Appellant denied that he had seen or that he possessed or owned the marihuana, barbiturates, or pistols; and also testified that he never saw Cooper throw anything as they got out of the Pontiac.

The court charged the jury on the law applicable to principals.

Appellant contends that the trial court erred in refusing his motion to require the district attorney to produce the statements and reports of Officers Stroud and Gassaway in order that he could properly cross-examine them.

This motion was presented on December 28, 1962, refused on January 2, 1963, and

re-urged at the beginning of the trial on March 18, and before the witnesses had testified.

No further requests were made, during or after the witnesses had testified on direct examination, for the statements and reports; and there is no showing of the contents of such statements or reports. Therefore no error is presented. Johnson v. State, 172 Tex.Cr.R. 224, 355 S.W.2d 529; Martinez v. State, 172 Tex.Cr.R. 186, 354 S.W.2d 936; Gaskin v. State, 172 Tex. Cr.R. 7, 353 S.W.2d 467.

■ Appellant contends that his arrest was unlawful because the La Marque City officers were outside their jurisdiction as the arrest took place beyond the city limits of La Marque. Therefore their testimony about the marihuana was not admissible in evidence.

While testifying on direct examination the appellant first identified the jacket exhibited to him that had been introduced in evidence by the state as the one his companion Cooper had returned to him shortly before their arrest. However, he later testified that it was similar and appeared to be his jacket. A pocket of the jacket contained a sufficient amount of marihuana to be smoked, according to the evidence of the state. No objections were made to the testimony of Officers Gassaway and Odom, two of the arresting officers, about the contraband they recovered from under the Pontiac, on the ground that appellant was illegally arrested. It is observed that when the fruits of the search of appellant's person were introduced in evidence no objection was made to the legality of his arrest and therefore any objection thereto was waived. Therefore it appears unnecessary to consider the question of the authority of the arresting officers in view of the foregoing evidence.

■ ▪ In his brief the appellant contends that the trial court erred in permitting the state "to introduce inflammatory extraneous matters (barbiturates, pistol) not related to the charge against appellant and *not connected with appellant,* all over the objection of counsel."

The pistols and capsules containing barbiturates were found in the Pontiac at the police station after the arrest of appellant and his companions. What was found in the Pontiac was part of the res gestae of the transaction and was admissible. Riojas v. State, 102 Tex.Cr.R. 460, 277 S.W. 696. Therefore no error is shown in the overruling of the objections.

■ Complaint is made of the refusal of the court to grant the request of the appellant to re-open the case and permit him to offer new evidence.

At the time the request was made the jury had notified the court that it had reached a verdict which it was ready to return. Neither party, according to the statute, is entitled to introduce any testimony after the conclusion of the jury argument of counsel. Art. 643, Vernon's Ann.C.C.P.; 1 Branch's 2d 422, Sec. 399. The court did not abuse its discretion in refusing the request of appellant.

■ ■ It is insisted that the court erred in refusing to grant appellant's motion for a new trial on the grounds of newly discovered evidence.

He alleges that the testimony of the jailer and an inmate of the jail would show that he sold his only jacket in December, 1962, before his trial on March 18, 1963, and that the jacket introduced in evidence did not belong to him, and he further alleges that the only possible connection between appellant and any marihuana lies in the recovery of marihuana from a pocket of the jacket he was wearing when arrested.

When the jacket was offered in evidence by the state, the appellant stated "No objection your honor." On direct examination the appellant identified the same jacket that the officers had identified, but later testified that it possibly was not the jacket he was wearing when arrested. Appellant

testified that the jailer was present when he sold the jacket to an inmate named Watson. The jailer had been continuously so employed for six years before appellant's trial in March, 1963, and he had seen appellant almost daily as he had been in said jail since his arrest in March, 1962. Watson had been in said jail since January, 1963. Neither the jailer nor Watson was summoned or called to testify. No motion for continuance was filed. It is evident that the appellant did not exercise diligence in order to secure the testimony of the jailer or Watson. A new trial will not be granted for testimony alleged to have been newly discovered which could have been obtained by the use of ordinary diligence. 1 Branch's 2d, 252, Sec. 220; Adams v. State, 154 Tex.Cr.R. 92, 221 S.W.2d 264; Duhart v. State, 167 Tex. Cr.R. 150, 319 S.W.2d 109.

No abuse of discretion is shown in the refusal by the court of the motion for new trial.

The evidence is sufficient to support the conviction, and no error appearing, the judgment is affirmed.

Opinion approved by the Court.