James William PERKINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 45029.

Court of Criminal Appeals of Texas.

June 14, 1972.

Buddy Stevens, Sam R. Wilson, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and H. E. Graham, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of burglary with intent to commit theft. Punishment was assessed by the jury at twelve years.

■ Appellant's first ground of error asserts that void judgments of prior convictions were introduced at the punishment hearing.

The record reflects that Cause No. 1235 and Cause No. 1236 from Lamb County, dated March 16, 1962, and Cause No. 9067 from Wichita County, dated January 27, 1949, were introduced into evidence. Appellant testified that in those causes he did not have an attorney, was not advised of his rights to an attorney, and did not have the funds to hire an attorney.

The record does not support appellant's contentions. In each of the three causes the judgment recites that appellant appeared with counsel and the sentence bears the same date as the judgment.

Further, at the hearing on appellant's motion for new trial, certified copies of jury waivers were introduced into evidence which show that appellant was represented by R. H. Munsterman in Causes No. 1235

and No. 1236 from Lamb County. A copy of a docket sheet in Cause No. 9067, from Wichita County, was introduced and it shows that appellant was represented by Eugene Sherrod in that cause.

Appellant's first ground of error is overruled.

■ Appellant's second ground of error asserts that he was required to stand trial for the offense of burglary when the indictment that was served upon him while he was incarcerated "reflects the elements of a felony theft, and not those of a burglary."

■ The record is devoid of any objection as to any irregularity in the indictment having been made prior to trial, hence, any such objection thereafter is waived. In 30 Tex.Jur.2d, Indictment & Information, Sec. 8, pages 544, 545, it is stated:

"An objection that the copy (of the indictment) is not correct must be made before announcement of ready for trial, and any irregularity in the copy is waived when the accused proceeds to trial without calling the court's attention thereto."

Further, there is no showing that the appellant was misled by any variance between the indictment and the copy that was served on him. See, e. g., Johnson v. State, 172 Tex.Cr.R. 224, 355 S.W.2d 529; 1 Branch's Ann.P.C. 2d Ed., Sec. 536, page 515.

Appellant's second ground of error is overruled.

■ Finally, by his third ground of error, appellant asserts that he ". . . was not allowed to impeach a witness by a statement that he made to the police department on the night of the offense."

R. W. Carter testified that on the night in question he saw a man standing behind the service station that was allegedly burglarized, at the approximate time of the burglary. On cross-examination he stated that the man he saw was wearing dark clothes. He denied telling anyone that the man was wearing light colored clothing, a sport shirt and slacks. He also denied ever telling anyone that the person he saw was of a stocky build.

Thereafter, the appellant attempted to offer into evidence a part of the police report which stated: "Mr. Carter also observed, standing between the rear of the car and the locker, a white male about 40 years old, about 5' 6" to 5' 9", stocky build and had on light clothes, probably a white sport shirt." The court sustained the objection to this proffered evidence.

The offer of the above quoted part of the police report was submitted through Officer Smunsler, of the Pasadena Police Department. The alleged statements in the report were not made to Officer Smunsler, and there is no showing that the officer to whom the statements were supposedly made was not available to testify.

Appellant relies upon Brown & Root, Inc. v. Haddad, 142 Tex. 624, 180 S.W.2d 339 (1944) where a police report was admitted into evidence. Such reliance is misplaced. The police report therein was offered to impeach the officer who made the report. In the case at bar, as heretofore stated, such report was offered by another and different officer.

Appellant's third ground of error is overruled.

Finding no reversible error, the judgment is affirmed.